Thomas J. Lee *vs.* The Casualty Company of America.

First Judicial District, Hartford, January Term, 1916.
Prentice, C. J., Thayer, Roraback, Wheeler and Beach, Js.

A failure to give the insurance company notice of an accident within the time prescribed by the policy is a breach of the condition and prevents a recovery by the insured, unless the company has waived the breach or has estopped itself from setting it up as a defense.

An allegation of an estoppel by conduct is insufficient which fails to aver that by reason of the acts relied upon the pleader was misled

Lee *v.* Casualty Co.

to his injury.  In this respect estoppel differs from waiver, which is the intentional relinquishment of a known right, and which may exist irrespective of its effect upon the interests of the person who pleads it.

The provision requiring immediate notice of an accident to be given to the insurance company is obviously one intended for its own benefit, and therefore is one which it can waive.

A waiver, although not expressly alleged, may be implied if the facts set up in the pleading are sufficient to warrant the inference.

In the present case it appeared from the plaintiff's reply, that the defendant insurance company, although aware that the notice of the accident had not been given immediately after its occurrence, attempted for nearly two months to effect a settlement with the person injured; that it then called upon the plaintiff for further information and proof of the casualty, and two months later demanded the papers in the suit brought against him by the injured person; and that shortly before the trial of that suit the company returned the papers with the statement that it had cancelled the policy as of the date of its issue, and that there was no insurance in force at the time of the accident.  *Held*, upon a demurrer to the reply, that from these facts a very strong inference would arise that the defendant company had intended to waive the plaintiff's breach of the condition respecting immediate notice; that if such was the fact, as the trier might find, the company could not afterward revoke the waiver and insist upon a breach of the condition in order to relieve it from liability; and that the demurrer should therefore have been overruled.

It cannot be assumed upon demurrer, and in the absence of any averment in the pleadings to that effect, that an insurance policy contained a clause which would render the policy void upon a breach of some one or more of its conditions.

A forfeiture will not be implied where none is expressed in the policy.

Argued January 11th—decided March 15th, 1916.

ACTION upon a policy of insurance against loss and expense incurred by the plaintiff by reason of his ownership and operation of an automobile, brought to and tried by the Superior Court in Hartford County, *Burpee, J.*, upon a demurrer to the reply; the court sustained the demurrer and, upon the refusal of the plaintiff to plead over, rendered judgment for the defendant, from which the plaintiff appealed.  *Error and cause remanded.*

*Theodore G. Case,* for the appellant (plaintiff).

*John T. Robinson,* for the appellee (defendant).

THAYER, J. This is an action upon a policy of casualty insurance. Paragraph nine of the complaint alleges that the plaintiff had complied with all the terms of the policy. This paragraph is denied in paragraph nine of the answer, which avers that the policy contained a provision that upon the occurrence of a casualty covered by the policy the plaintiff should give immediate notice of the casualty, and also of any and all claims which should be made on account of such casualty, and that if afterward any suit should be brought against him to enforce such claims, he should cause the summons, process, and other papers relating to such suit, to be delivered to the company as soon as served upon him; and that he had not complied with these provisions in that he failed to give the immediate notice required by them and failed to turn over the summons, process and other papers as required.

The reply denies this paragraph of the answer, except as admitted, and proceeds to allege that on November 3d, 1913, the plaintiff gave written notice of the accident to a duly-authorized agent of the defendant, who received and accepted it; that between that date and December 29th, 1913, the defendant attempted to make a settlement of the claim, and did other acts by which the plaintiff was led to believe that the defendant assumed liability for the loss and damage which the plaintiff suffered by reason of the casualty; that on the last-named date the defendant requested the plaintiff to furnish further information as to the accident, including signed statements of the plaintiff and all eye-witnesses of the casualty, and copies of all

pleadings in the action then pending between him and the person injured in the casualty, and a written report of the physical condition of the injured person; that on the same day the defendant notified the plaintiff in writing that by reason of his failure to give immediate written notice of the casualty the defendant "would handle the case on his behalf under reservation of rights under the policy"; that on January 19th, 1914, the plaintiff forwarded to the defendant the information and papers requested; that on February 16th, 1914, the defendant requested the plaintiff to deliver all papers in the action pending against him to its local attorney, which was done; and that on the 19th of March, 1914, the defendant notified the plaintiff that it had cancelled the policy as of the date of issue, for failure of the plaintiff to pay the premium, and that the defendant had no further interest in the matter.

The reply was demurred to, upon the ground that it appeared therefrom that the plaintiff did not comply with the conditions of the policy referred to in paragraph nine of the answer, and because it did not appear that the defendant waived its right to rely upon the breach of those conditions, and did not appear that it was estopped from relying upon and pleading the same.

The reply, while stating that the plaintiff gave the notices and performed the acts required by the paragraphs of the policy quoted in the answer, does not allege that these were given and performed within the time required, and does not deny the defendant's allegation that they were not given and performed at the time required. A failure to perform within the time required would be a breach of the condition and prevent a recovery upon the policy, unless the defendant waived the breach or estopped itself from denying the performance of the condition. There is nothing

in the reply which shows that the plaintiff was misled to his injury by the acts and conduct set forth in the reply, and therefore as one element of an estoppel is lacking there is no sufficient allegation of an estoppel.

The plaintiff claims that there is a sufficient allegation of facts to show a waiver by the defendant of the performance of the conditions. The policy is not made part of the pleadings, and there is nothing before us to indicate that it contained any provision that a breach of the conditions would work a forfeiture of the policy. So far as appears upon the pleadings, the giving of the notices and the performance of the acts required by the provisions quoted in the answer are merely conditions precedent to the accrual of a right of action to the plaintiff.

The provisions of the policy upon which the defendant relies were made for its own benefit, so that it might have immediate notice of any casualty insured against and an early opportunity to investigate the circumstances attending it. The purpose of the notice of an accident is the same in casualty insurance as the notice of a loss by fire in fire insurance and of the death of an insured in life insurance. Being for the benefit of the insurer, it may be waived by it in the one case as well as the others. It is well settled that the notice of loss by fire and death may be waived. The same principle is involved in the one case as in the others. There may be more reason why an insurer would insist upon the notice, and less likelihood that it would waive it, in the case of a casualty than in the other cases. It is a stipulation upon which it may insist, but one which it may waive.

The reply shows no express waiver, but one may be implied. Such a waiver may be found as an inference of fact from the conduct of the insurer under the circumstances of the case. This inference is to be drawn

by the trier where there are allegations of fact sufficient, if proved, to warrant the inference. It appears in the present case that notice of the casualty was given by the plaintiff, and that it was received and accepted by the defendant's agent. From the pleadings we must assume it to be admitted that the notice was not given immediately after the casualty occurred, as required by the policy. The defendant, knowing this and without claiming a breach of the conditions of the policy, proceeded at once, and continued for nearly two months, to attempt to make a settlement of the claim of the injured party. It then called upon the plaintiff for further information and proof as to the casualty, and two months later called upon him for the papers in the action which had been commenced by the injured person against the plaintiff, and shortly before the trial of that case returned the papers to him with the information that it took no interest in the case, that it had cancelled the policy as of the date of issue, and there was no insurance in force at the time of the casualty.

The question upon the reply demurred to is, did the defendant intend to insist upon the breach of condition, or did it, knowing that it had the right to insist upon the breach, voluntarily relinquish that right? From the facts just stated there would be a very strong inference that the defendant intended to waive the breach of the condition and to indemnify the plaintiff for any loss or expense which would result to him from the casualty insured against. Such conduct upon the part of the defendant would be inconsistent with a claim that for the long period during which it was "handling" the claim, it was intending to insist upon the breach of the condition which relieved it from liability. But it appears that when the defendant, after two months' effort to settle the claim, called

upon the plaintiff for further information, it referred to the fact that the plaintiff had failed to give the immediate written notice of the casualty, and that because of that fact the defendant would "handle" the claim on his behalf under reservation of rights without waiving any of its rights under the policy. This in terms refers only to its future handling of the claim. If it had already waived its right to rely upon the breach of the condition, this was an attempt to change its position. But rights once waived cannot be regained by revoking the waiver. The fact that this notice was given after an attempt to settle the claim had been made, was to be considered by the jury in connection with the other evidence, as was also the fact that later the defendant notified the plaintiff that it had cancelled the policy as of its date of issue, and that no insurance was in force at the time of the casualty. The court could not say upon the allegations of the reply that there had not been an intentional relinquishment by the defendant of its right to claim a breach of the conditions of the policy.

The Superior Court took the view that the breach of condition worked a forfeiture of the policy, and that after the forfeiture there could be no waiver; but that, if there could be a waiver, the reply was insufficient because it did not show that the defendant wrongfully did anything for its own advantage with the design of influencing, and which did influence, the plaintiff to his disadvantage. As already noticed, it does not appear that it was expressed in the policy that it should be forfeited by a breach of the conditions. Courts are averse to concluding that the parties intended a forfeiture where it is not so expressed in the policy. There are many authorities which hold that it is essential to a waiver that the party claiming the waiver should have been misled to his detriment by the insurer's

conduct. There are many others which hold that this is not essential. We incline to the latter view. In *Hoxie* v. *Home Ins. Co.*, 32 Conn. 21, 40, JUDGE BUTLER defined waiver to be "the intentional relinquishment of a known right." This is the generally accepted definition of the term. The foundation of waiver, as thus defined, is the relinquishment, intentionally, of a known right by the possessor of that right. If the view followed by the Superior Court were correct, the definition would have to be amended so as to read: A waiver is the intentional relinquishment of a known right whereby another person is induced to act in a manner detrimental to his interests. This would add an element to be proved by the person setting up a waiver which is not required under the ordinary definition of waiver, but which is a necessary element to the establishment of an estoppel. We think this is not essential to constitute a waiver.

As the reply contained allegations sufficient to warrant the finding of a waiver, the demurrer should have been overruled.

There is error, the judgment is set aside and the cause is remanded for further proceedings according to law.

In this opinion the other judges concurred.