ELBERTON COTTON MILLS, INCORPORATED, *vs.* INDEMNITY INSURANCE COMPANY OF NORTH AMERICA

First Judicial District, Hartford, January Term, 1929.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued January 3d—decided March 2d, 1929.

*Wallace W. Brown,* for the appellant (plaintiff).

*Cyril Coleman,* with whom was *Joseph F. Berry,* for the appellee (defendant).

HINMAN, J. The question presented by the demurrer and upon this appeal is whether, upon the facts alleged in the complaint and exhibits annexed, the failure of the plaintiff to file its itemized claim of loss within ninety days after the notice of July 15th, 1927, works a forfeiture of its right to recover. The contention of the defendant is that the provisions of the policy agreement must be construed as compelling such a result in every case where the filing of the claim is deferred beyond the ninety-day period, whatever the length of the delay or the circumstances of the case. "That such a view would be a harsh one to take goes without saying." *Clark* v. *London Assurance Corp.,* 44 Nev. 359, 363, 195 Pac. 809. The general disfavor with which forfeitures by implication or by construction not compelled by express requirements are regarded is generally recognized, as is the principle that provisions of doubtful meaning, in an insurance policy, are to be given that construction which is most favorable to the insured. *Lee* v. *Casualty Co.,* 90 Conn. 202, 208, 96 Atl. 952; *Komroff* v. *Maryland Casualty Co.,* 105 Conn. 402, 405, 135 Atl. 388. Unless the intent and effect is express, plain, and unambiguous, the rigid enforcement of a forfeiture for failure to make strict compliance with a requirement that proof of claim or loss be filed within a specified time, no matter how unusual or compelling the circumstances occasioning the delay, would be to make the provision "a pitfall or snare to the unwary," for which purpose it is

not intended.  *Munz* v. *Standard Life & Acc. Ins. Co.,* 26 Utah, 69, 72, 72 Pac. 182.

Graphic illustration of the hardship and unreason of such a construction and effect is suggested by the facts alleged in the instant case.  If the dishonesty of the employee, protection against loss from which is the purpose of fidelity insurance, extend to such an adroit and successful obscuring or concealment of the details and extent of the loss that no definite or intelligible statement of such loss be obtainable by the insured within the time limited for filing such claim, the result would be that the very delinquencies insured against would avail to deprive the insured of the right to reimbursement contemplated by the contract and for which the premium paid was the consideration.

It is not surprising, therefore, that, while there yet remains a considerable conflict of decisions, to which confusion has been contributed by varying conditions in the individual policies involved, the strong current of authority, especially in the more recent cases, has been to hold that where the policy does not make the filing of proof of loss or claim within a specified time a condition precedent to liability, or contain a stipulation forfeiting the policy for delay beyond the period fixed within which proof of loss is required to be furnished, such forfeiture will not be inflicted, and usually the only effect given to such delay is to postpone the liability of the insurer until such proof is filed.  The great preponderance of authority both numerically and in point of reasoning and logic is to this effect.

One of the most recent cases is *Hirsch-Fauth Furniture Co.* v. *Continental Ins. Co.* (1928) 24 Fed. (2d) 216.  The policy provided that the insured shall give notice within ten days, and within sixty days file proof of loss.  The cause of loss (cyclone) so disarranged the affairs of the insured as to make it difficult to render

proof of loss. The court held that the plaintiff did everything that it could reasonably have been called upon to do, since it gave prompt notice and prepared the proof of loss as expeditiously as was practicable, and that forfeiture of claim under the policy was not incurred by the delay. *Clark* v. *London Assurance Co.* (1921) 44 Nev. 359, 195 Pac. 809, discloses a careful and exhaustive discussion, with numerous excerpts from other cases, and holds that under a fire insurance policy providing that in case of loss the insured shall render proofs within sixty days, the failure to make them within such time does not prevent a recovery. "Courts are not diligent in searching for an excuse to justify a forfeiture" or "convert a precautionary clause into one of forfeiture," and "nothing will be held as contemplating a forfeiture unless such idea is clearly expressed." P. 369.

From among the many other cases which might be cited to a similar general effect the following are selected as illustrative: *St. Paul F. & M. Ins. Co.* v. *Owens,* 69 Kan. 602, 77 Pac. 544; *Niagara Fire Ins. Co.* v. *Layne,* 162 Ky. 665, 172 S. W. 1090; *Mason* v. *St. Paul F. & M. Ins. Co.,* 82 Minn. 336, 85 N. W. 13; *Northern Assur. Co.* v. *Hanna,* 60 Neb. 29, 82 N. W. 97; *Munson* v. *German Ins. Co.,* 55 W. Va. 423, 47 S. E. 160; *Welsh* v. *Fire Asso.,* 120 Wis. 456, 98 N. W. 227. See also cases reviewed in *Clark* v. *London Assurance Corp., supra;* note, L. R. A. 1915F, p. 1211 *et seq.;* 7 Cooley's Briefs on Insurance (2d Ed.) pp. 5767, 5770; 5 Joyce on Insurance (2d Ed.) p. 5483, and cases cited.

The prevailing principle deducible from these and similar decisions is that, if the furnishing of proof of loss within a stipulated time is made a condition precedent to liability on the part of the insurer, or if a forfeiture is provided for failure to file within that

time, those provisions will ordinarily be given effect, but where the rendering of such proof within the specified time is not expressly made a condition precedent to liability, and no forfeiture is provided for on account of delay, beyond the time prescribed, in filing proof, notwithstanding forfeitures are stipulated for in case of breach of specified requirements of the policy, such delay merely postpones the time of payment and for bringing suit, and if proof of loss is subsequently given the insured may recover on his policy notwithstanding his delay, provided the time otherwise limited for bringing suit has not expired. 5 Joyce on Insurance (2d Ed.) §3282; 33 Corpus Juris, Insurance, § 661.

The point involved has not heretofore been passed upon by this court, but no Connecticut cases indicate any view adverse to or in conflict with the above-stated doctrine. *Lee* v. *Casualty Co.*, 90 Conn. 202, 96 Atl. 952, related to immediate written notice to the insurer which, the defendant averred, was one of the conditions of the policy, but the policy was not made part of the pleadings or of the record. The present question was not directly involved or discussed, the case being determined on the ground of waiver. However, the opinion notes the aversion of courts to hold that the parties intend a forfeiture, where it is not so expressed in the policy, and states (p. 206) that, in the absence of any provision that a breach of the conditions would work a forfeiture of the policy, the acts required by the provisions relied on (including that for immediate notice) were to be regarded as "merely conditions precedent to the accrual of a right of action to the plaintiff."

In the instant case it is clear that the policy contract does not make the filing of the itemized claim a condition precedent to defendant's liability or impose,

either expressly or by fair implication, any forfeiture or other penalty for delay in filing it, although it provides that recovery shall be forfeited by failure to bring suit within fifteen months after the initial notice of claim. Some of the cases attach significance to the fact that forfeiture is expressly imposed for failure to comply with some provision of the contract, but not as to others, as indicating an intention that no forfeiture should attach to the latter. See 5 Joyce on Insurance (2d Ed.) §3282. Distinction has sometimes been made between the initial notice, affording the insurer opportunity to make prompt investigation, and the subsequent detailed proof or statement of the items and amount of the claim, the former being held to be of the essence of the contract, and the latter not. No claim is made in this case that the initial notice was not seasonably made. In short, the situation reflected by the allegations of the complaint accords in all essential respects with the considerations which have commonly been held sufficient to prevent a forfeiture for delay in filing proofs or claims of loss. In addition, the facts of this case present equitable circumstances and considerations such as may and often do induce and warrant relief from forfeiture, especially when it can be afforded without injustice to the other party. *Pierce* v. *Staub,* 78 Conn. 459, 466, 62 Atl. 670; 3 Story's Equity Jurisprudence (14th Ed.) §1728 *et seq.;* 10 R. C. L. p. 328.

It follows that the demurrer on the ground of forfeiture based upon the allegations of the complaint should be overruled.

There is no occasion, in view of this conclusion, to engage in discussion of the further claim of the plaintiff-appellant that the facts alleged constitute a legal excuse for failure to make an earlier compliance with the requirement as to proof of claim, or of certain other

subsidiary considerations advanced in brief and argument.

There is error, the judgment is set aside and the cause remanded with direction to overrule the demurrer.

In this opinion the other judges concurred.