## MUTUAL INDUSTRIAL FINANCE CORPORATION vs. AMERICAN SURETY COMPANY OF NEW YORK.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued October 4th—decided December 4th, 1934.

*Harry B. Rosenblum,* with whom, on the brief, were *Joseph M. Freedman* and *Isador M. Waxman,* for the appellant (defendant).

*Thomas J. Birmingham,* for the appellee (plaintiff).

BANKS, J. The plaintiff is a money lender operating under the "Small Loans Act" of this State. On April 1st, 1932, it employed Herman H. Webber as manager of its Hartford office, with authority to accept applications for loans, grant loans and issue checks on its behalf. On April 28th, 1932, the defendant executed a surety bond whereby it bound itself to pay to the plaintiff such pecuniary loss, not exceeding $2500, as the latter should sustain "by any act or acts of fraud, dishonesty, forgery, theft, embezzlement, wrongful abstraction or wilful misapplication" on the part of Webber while in its employ. The bond, in addition to the general provisions already mentioned and others of no present significance, contained the following clause: "PROVIDED, HOWEVER: 1. That loss be discovered during the continuance of this suretyship or within fifteen months immediately following the termination thereof, and that notice of such loss be delivered to the surety at its home office in the City of New York within ten days after such discovery. 2. That claim, if any, be submitted by the employer in writing, showing the items or dates of the losses, and be delivered to the surety at its home office within three months after such discovery, and that the surety shall have two months after claim has been presented in which to verify and to make payment. . . ."

The court found that late in October, 1932, it was discovered that Webber had made several fraudulent loans as manager, but that the plaintiff's claim on these loans was paid in full by his mother on December 6th, 1932, and that it suffered no loss thereon and made no claim against the defendant because thereof. The plaintiff's claim is based upon nine loans, made by Webber to persons named in the complaint, upon various dates between May and October, 1932. The court found that in making each of these loans Webber acted fraudulently and dishonestly, and that as a result of such acts the plaintiff suffered a loss of $1784.34. It further found, as a conclusion, that the plaintiff gave the defendant due and sufficient notice of the loss under the terms of the bond and duly presented its claim for the same. The issues as stated in defendant's brief are: (1) Whether or not notice of the alleged loss was given to the defendant in accordance with the terms of the bond; (2) whether or not notice by the plaintiff to the defendant of the discovery of a prior loss, even though no claim is filed for such loss, is a condition precedent to recovery under the terms of the bond; and (3) whether or not the plaintiff sustained a pecuniary loss within the terms of the bond.

The court has found that the plaintiff first had knowledge of any irregularity in the loans made by Webber upon which its claim is based on or about January 15th, 1933, when Shuster, its vice-president, received information as to a loan made to Leo Weinberg; that on the following day Shuster notified the defendant by telephone to its agent in Philadelphia, and instructed the manager of its Hartford office (Webber having been discharged as such manager on November 1st) to investigate all of the accounts of the office; that as a result of such investigation the nine accounts upon which claim is made were discovered

to be irregular and, upon completion of such investigation and acquiring knowledge of these irregularities and its loss, the plaintiff forthwith mailed a list of its claims for loss to the defendant on February 9th, 1933, and thereafter, on April 5th, 1933, filed its formal proof of loss.

In the court's memorandum of decision, to which reference may be had in interpreting the finding, it is stated that "upon discovery by plaintiff that Webber had breached the condition of his bond, plaintiff notified an agent of the defendant company who notified the company and in due season under the terms of the bond." It would thus appear that the court's conclusion that the plaintiff gave the defendant due and sufficient notice of its loss was based upon the notice found to have been given to the defendant's agent in Philadelphia on January 16th, 1933. The bond requires that notice of the loss be delivered to the surety at its home office in New York, and counsel for the plaintiff say that they rely solely upon the written notice of February 9th to establish compliance with the requirements of the bond as to notice of loss.

The finding that the plaintiff upon completion of its investigation and acquiring knowledge of these irregularities and its loss forthwith mailed a list of its claims for loss to the defendant on February 9th is a finding of compliance on that date with the requirement of the policy that a claim showing the items or dates of the losses be delivered to the home office of the surety within three months after the discovery of loss. It is apparent that the finding that the list was mailed forthwith upon acquiring knowledge of loss refers to the knowledge acquired upon the completion of the investigation, which was sufficiently detailed and complete to enable it to give the items of its claimed loss which the policy required to be given within the three

months period. The court has found the facts as to each of the nine loans upon which the claim of loss is based but, save for the general finding just referred to, has not found when the irregularities in the various loans were discovered, except in the case of the Weinberg loan, the irregularity in which it has found was discovered on January 15th, 1933.

The purpose of the requirement of notice within ten days of the discovery of loss is to enable the surety to make investigation and to take the necessary steps to indemnify and protect itself. It contemplates notice within ten days after the discovery of dishonest acts of the employee which may subject the employer to loss within the terms of the policy. *Morrellville Deposit Bank* v. *Royal Indemnity Co.*, 294 Pa. St. 446, 144 Atl. 424. Detailed information as to the extent of the loss is not necessary to place upon the employer the duty to give the initial notice required by the bond. *American Surety Co.* v. *Bankers Savings & Loan Assn.* (C.C.A., 8th Circuit) 59 Fed. (2d) 577. The ascertainment of the actual amount of the loss may be delayed for a considerable period and allowance for this is made in the provision in the bond fixing a period of three months within which proof of loss may be submitted. See *Elberton Cotton Mills, Inc.* v. *Indemnity Ins. Co.*, 108 Conn. 707, 145 Atl. 33. The giving of a notice of loss, as distinguished from the proofs of loss, within ten days after the ascertainment by investigation of the actual amount of loss sustained, is not a sufficient compliance with the terms of the policy, if such notice is not given within ten days after the discovery of the dishonest acts of the employee which occasion the loss.

As we construe the finding, the conclusion of the trial court that the plaintiff gave the defendant due and sufficient notice of loss appears to be based upon

its finding of the notice by telephone to the defendant's agent in Philadelphia, which counsel do not now claim to have been a sufficient compliance with the requirements of the policy. The finding that the plaintiff, upon completion of its investigation and acquiring knowledge of the irregularities then disclosed, forthwith mailed a list of its claims for loss to the defendant, is, under the circumstances, a finding of doubtful meaning whose real significance does not clearly appear. It is at least doubtful if it can fairly be construed as a finding that the plaintiff had no knowledge of the irregularities in each of the loans in question more than ten days before February 9th, the date upon which the list of claims was mailed to the defendant. The defendant seeks to have the finding corrected to state the dates upon which the plaintiff acquired knowledge of the facts and circumstances pertaining to each of the loans in question, which knowledge it claims the plaintiff had, as to most of the loans, several months, and as to all of them more than ten days, prior to the notice of February 9th. The evidence produced by the plaintiff itself supports this claim, at least as to most of the loans in question. For present purposes, however, it is sufficient to say that the court has not unequivocally found the date or dates when the plaintiff acquired knowledge of the dishonest acts of Webber which are the basis of its claim of loss, and that in the absence of such finding its conclusion that the plaintiff gave due and sufficient notice of its loss lacks essential support.

The provision in the bond requiring a ten days' notice of any loss refers to any loss within the terms of the bond for which claim is made upon the Surety Company. No obligation devolved upon the plaintiff to notify the defendant of the alleged fraudulent loans which were discovered in October, 1932, and which

were made good by Webber's mother. The plaintiff suffered no "loss" upon these loans within the terms of defendant's bond, and notice of the discovery of the fraudulent character of such loans was not a condition precedent to recovery for a loss upon the loans here in question.

In view of the conclusion we have reached upon the question of the notice of loss given by the plaintiff to the defendant, it is unnecessary to discuss the defendant's claim that the evidence does not support the court's finding that the plaintiff suffered a pecuniary loss in the case of each of the loans in question as the result of Webber's fraud and dishonesty, or its findings as to the amount of such loss in each case, other than to call attention to the allegation in the complaint that the plaintiff has been unable to collect the money upon these notes since the makers are financially irresponsible and deny responsibility, and to the fact that there is no finding that by reason of the fraud or dishonesty of Webber these notes were uncollectible or the loans were made to irresponsible persons.

There is error and a new trial is ordered.

In this opinion the other judges concurred.