FRANK ROSS ET AL. v. PROTECTIVE INDEMNITY CO.

COURT OF COMMON PLEAS    LITCHFIELD COUNTY    FILE NO. 8170

Memorandum filed February 14, 1948.

*Edward J. Myers,* of Winsted, for the Plaintiffs.

*Pelgrift, Dodd, Blumenfeld* and *Nair,* of Hartford, for the Defendant.

PARMELEE, J. This action is based upon a policy of insurance executed to the plaintiff Frank Ross, which policy, in addition to agreements of indemnity for personal injury and property damage to others arising out of the ownership, maintenance and use of his automobile, contains the following insuring agreements:

"Coverage C—Medical Payments

To pay to or for each person who sustains bodily injury, caused by accident and arising out of the use of the automobile classified as 'pleasure and business,' while in or upon, entering or alighting from the automobile while the automobile is used by or with the permission of the named insured, the reasonable expense of necessary medical, surgical, ambulance, hospital and professional nursing services and, in the event of death resulting from such injury, the reasonable funeral expense, all incurred within one year from the date of accident."

This policy of insurance was in full force and effect at the time of the events hereinafter related and all the conditions and obligations relating to notice and claims have been properly fulfilled. The question is whether or not the plaintiffs herein are entitled to recover under the insuring agreements set out in the policy under the medical payment coverage above quoted.

On November 25, 1946, at about 1:30 a. m., the plaintiff Frank Ross and the plaintiff Gladys French were riding in the rear seat of Ross's automobile, which was being operated by a friend who, with another, was in the front seat. All were returning from New Boston, Massachusetts, to Torrington, Connecticut, when the driver stopped said automobile on the state highway to allow the plaintiffs to get out of the automobile for the purpose, as stated by them, of urinating. While Ross's automobile was parked as aforesaid, and several minutes after the plaintiffs had left it, an automobile driven by one Arthur DelNero, proceeding in the same direction as the Ross automobile, was driven into and against the rear of the Ross car. Both of the plaintffs were severely injured. There is conflict in the testimony as to just where the plaintiffs were in relation to the Ross automobile at the time of the collision and instantly prior thereto. However, it is concluded from the credible evidence that the plaintiffs were standing in the highway at the rear of the Ross automobile conversing with each other, and that the oncoming DelNero car struck both of them instantly before striking the Ross car, throwing them to the pavement where they were later found.

The question is whether the injuries sustained by the plaintiffs were caused by an accident "while in or upon, entering or alighting from the automobile." The words used in a contract of insurance are taken to express the intent of the parties. *Fidelity & Casualty Co.* v. *Thames Ferry Co.*, 82 Conn. 475,

478. While it is true that provisions in a policy which are ambiguous or of doubtful meaning are to be given that construction which is most favorable to the insured; *Komroff*, v. *Maryland Casualty Co.*, 105 Conn. 402, 405; *Elberton Cotton Mills, Inc.* v. *Indemnity Ins. Co.*, 108 Conn. 707, 710; *Dickinson* v. *Maryland Casualty Co.*, 101 Conn. 369, 377; nevertheless, when the terms of an insurance policy are "plain and unambiguous, there is no room for the application of the rule that where more than one construction is open, that which is most favorable to the insured should be adopted." *Basta* v. *United States Fidelity & Guaranty Co.*, 107 Conn. 446, 449.

This accident to the plaintiffs did not occur while either of them was in or upon this automobile. Then were they either entering or alighting from it? Webster's New International Dictionary (2d Ed.) defines "alight" as "to spring down, get down, or descend, as from a horse's back or from a carriage; to dismount." "Enter" is defined "to go or come in, to a place or condition; to make or effect an entrance." The definition of "while" is "during the time that; prior to, or until, the end of the time that; as long as; whilst; . . . . at or during which time; and at the same time." Application of the ordinary meaning to the words of this policy leaves no doubt that the company's liability to these plaintiffs under the clause in question ceased when these plaintiffs had completed the act of getting out of the automobile and said liability was not resumed until they had started to make or effect an entrance.

The policy of insurance and the coverage upon which this action is based are limited to the words therein set forth, which words are not ambiguous or of doubtful meaning.

Neither of the plaintiffs at the time of this collision was in or upon the automobile. They had completed the act of alighting therefrom. They were not in the act of making or effecting an entrance to the automobile. They were exercising their rights as pedestrians or travelers on the highway to stand at the rear of this automobile and engage in conversation.

The issues are found for the defendant and judgment may be entered for the defendant.