[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED MARCH 18, 1997
The complaint in this case alleges that the plaintiff was the owner of premises known as 221 Highland Street, West Haven, which premises was insured by the defendant against loss or damage due to fire. The plaintiff further alleges that those premises were damages by fire on September 21, 1993 while the aforesaid policy was in full force and effect. The complaint alleges that the defendant has refused to make payment under the terms of the policy despite full compliance with its terms on the part of the plaintiff.
The defendant has alleged as a special defense that the plaintiff did not submit a sworn statement and proof of loss within 60 days of the defendant's request as required by § E(3)(a)(7) of the subject policy. The plaintiff admits that the policy contains such a provision but he denies noncompliance therewith.
Each party has now moved for summary judgment in their favor on the issue of liability. The plaintiff claims substantial compliance with the terms of the policy and that he is entitled to recovery under the policy even if there was noncompliance with the proof of loss provision alleged in the special defense. The defendant, on the other hand, claims that there has been noncompliance with an explicit policy provision and/or that the plaintiff has failed to rebut a presumption of prejudice arising therefrom, and is therefore entitled to judgment in its favor. The defendant relies heavily on that line of cases which hold that failure to institute suit within the limitation period CT Page 2696 contained in an insurance policy is an absolute bar to recover.
For the following reasons, it is the opinion of the court that neither party is entitled to summary judgment in this case.
In Elberton Cotton Mills, Inc. v. Indemnity Ins. Co.,108 Conn. 707 (1929), the court approved the view that where the rendering of a proof of loss within a specified time period is not expressly made a condition precedent to liability, and no forfeitures are stipulated for in case of breach of specified requirements of the policy, such delay merely postpones the time of payment and for bringing suit, and if proof of loss is subsequently given, the insured may recover on the policy notwithstanding the delay, provided the time otherwise limited for bringing suit has not expired.
In this case, the proof of loss requirement relied upon by the defendant is not expressly made a condition precedent to liability, nor is forfeiture provided for in the event of delay beyond the time specified for filing. The policy does, however, provide for forfeiture of coverage in the event of concealment, misrepresentation or fraud. Thus, in the opinion of the court, this case is controlled by the holding in Elberton and, even if the proof of loss was not sent to the defendant within the time period set forth in the policy, such delay does not automatically result in forfeiture of coverage.
However, the above conclusion does not compel a result that the plaintiff is entitled to judgment as a matter of law. InAetna Casualty Surety Co. v. Murphy, 206 Conn. 409 (1988), the Connecticut Supreme Court held that failure of an insured to provide to the insurer timely notice of loss does not automatically discharge the insurer from further liability under the insurance contract. The court did, however, hold that such failure did give rise to a presumption of prejudice and that the burden of showing lack of prejudice must be borne by the insured.Id. 419-20. See also, Hotkowski v. Aetna Life Casualty Co.,224 Conn. 145, 148-49 (1992). The issue of whether any delay in providing a proof of loss in this case resulted in prejudice to the defendant involves a factual question which is not properly resolved in a motion for summary judgment.
The plaintiff has filed an affidavit of Louis E. Ranciato, a public adjustor, who represented the plaintiff in his negotiations with the defendant. With that affidavit, the CT Page 2697 plaintiff seeks to put in issue the defendant's claim that the plaintiff failed to submit a sworn proof of loss within 60 days of being requested to do so by the defendant as required by the policy.
To the extent that the affidavit creates such issue of fact the resolution thereof at the time of trial would, of course, have a bearing on what the plaintiff would have to prove in order to prevail. If, in fact. there has been no breach of the policy provision on the part of the plaintiff regarding a timely proof of loss, then there would be no issue as to prejudice as that issue has been analyzed above. Should the trier of fact find, however, that the plaintiff did not submit a proof of loss in a timely fashion and as required by the policy, he would bear the burden of proving the absence of material prejudice on the part of the defendant.
For the above reasons, the motions for summary judgment of the plaintiff and the defendant are denied.
THOMPSON, J.