[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff brings this action to recover damages under a commercial liability insurance policy by which the defendant provided insurance coverage for a building owned by the plaintiff. A fire occurred on September 21, 1993 damaging the building covered by this policy. The plaintiff timely notified the defendant of the loss and claim under the policy. Following an investigation of the loss by the plaintiff and defendant's representatives, the defendant on July 5, 1994 offered to settle with the plaintiff which offer was rejected by the plaintiff.
Thereafter, the matter was tried by an attorney trial referee, who found in favor of the plaintiff and recommended payment in the amount of $74,750, plus rental income of $10,000 (as per amended finding).
The Attorney trial referee found the following:
 1. Plaintiff owned the property at 221 Highland Street, West Haven.
 2. Defendant insurance carrier provided general liability and rental income coverage for this property.
 3. On September 21, 1993, the property was damaged by a fire.
4. Defendant was notified within several days.
 5. The policy was in force and effect at the time of the loss.
 6. Section E.3(7) of the policy provided: "Send us a CT Page 8057 signed, sworn proof of loss containing information to investigate claim and you must do this within 60 days after our request. We will supply you with necessary forms."
 7. By letter of July 6, 1994, the defendant, through its agent, sent a proof of loss to the plaintiff's agent.
 8. This proof of loss was accompanied by a letter asking plaintiff, if they were in agreement with proof of loss, to sign and return it.
 9. Said proof of loss was filled out in an amount of $70,993.92. Although the cover letter stated a blank proof of loss was attached, there was no blank proof of loss.
 10. The plaintiff did not sign and return the completed proof of loss but, on February 14, 1995, the plaintiff returned a proof of loss in the amount of $74,750.
 11. The defendant had completed its investigation of the loss when it sent the letter of July 6, 1994. It knew, in detail, the nature, scope and extent of the claim.
 12. The defendant denied the plaintiff's claim for failure to comply with the express terms of the policy, to wit: the filing of a proof of loss within 60 days of its request.
The issues before this court are whether there was or not a breach of the provision requiring execution of a proof of loss within 60 days and, if so, whether the defendant has been materially prejudiced. The Attorney trial referee, after hearing and considering all the credible testimony, found that the defendant suffered little or not prejudice as a result of the alleged failure of the plaintiff to file a proof of claim within 60 days after receiving the letter of July 6, 1994. The Attorney trial referee also found that Section E.3(7) of the policy states that the defendant will supply the plaintiff "with the necessary forms" and that no blank proof of loss was attached to the aforementioned letter.
"The reports of [attorney trial] referees are . . . `reviewable in accordance with well established procedures prior CT Page 8058 to the rendition of judgment by the court. Practice Book §§19-1 through 19-17 (new Practice Book citations).'" Dills v.Enfield, 210 Conn. 705, 712-13, 557 A.2d 515 (1989). The trial court shall render judgment as the law requires upon the facts in the report as it may be corrected, "although the remainder of Practice Book § 443 (now § 19-17) contemplates the possibility of further proceedings before a referee or a court, we construe that direction to apply only when a trial court discovers material errors in the referee's factual findings. . . . We therefore conclude that the trial court had the inherent authority, even without a request for judgment by the defendants, to render whatever judgment was appropriate in light of the facts found by the attorney trial referee."
The thrust of the defendant's first disagreement with the attorney trial referee's recommendation and findings is that the 60 day requirement for submitting the proof of loss is to expedite the process and prevent claims from becoming stale. As quoted by the defendant on page 18 of its trial brief: "Thus, the time limitation imposed, as opposed to the submission of the proof of loss itself, is analogous to a statute of limitations and, as such, strict compliance is necessary." This court finds that there is nothing in the policy which calls for forfeiture in the event of delay in filing a proof of loss. Whereas, the policy does call for forfeiture, however, in the event of concealment, misrepresentation or fraud. As stated in Elberton Cotton Mills,Inc. v. Indemnity Ins. Co., 108 Conn. 707, 713: " . . . but where the rendering of such proof within the specified time is not expressly made a condition precedent to liability, and no forfeiture is provided for on accounting or delay, beyond the time prescribed, in filing proof, notwithstanding forfeitures are stipulated for in case of breach of specified requirements of the policy, such delay merely postpones the time of payment and for bringing suit, and if proof of loss is subsequently given, the insured may recover of his policy notwithstanding his delay, provided the time otherwise limited for bringing suit has not expired."
The second claim of the defendant is that the plaintiff did not rebut the presumption that the defendant was prejudiced by the plaintiff's noncompliance. First, this court would point to the fact as found by the attorney trial referee that the defendant conducted its own investigation after being promptly notified by the plaintiff and that said investigation was completed on July 6, 1994 when it sent plaintiff's representative CT Page 8059 the completed proof of loss. The only disagreement between the plaintiff and defendant was a resolution of the amount of the claim since the parties had not arrived at an agreed figure. The court stated in Aetna Casualty Surety Co. v. Murphy,206 Conn. 409, 417-18 (1988):
 "In determining whether an insured is entitled to relief from such a disproportionate forfeiture, loss of coverage must be weighed against an insurer's legitimate interest in protection from stale claims. `The purpose of a policy provision requiring the insured to give the company prompt notice of an accident or claim is to give the insurer an opportunity to make a timely and adequate investigation of all the circumstances. . . . And further, if the insurer is thus given the opportunity for a timely investigation, reasonable compromises and settlements may be made, thereby avoiding prolonged and unnecessary litigation.' 8 J. Appleman, Insurance Law and Practice (Rev. Ed. 1981) § 4731, pp. 2-5. If this legitimate purpose can be protected by something short of automatic enforcement of the notice provisions, then their strict enforcement is unwarranted.
 In our judgment, a proper balance between the interests of the insurer and the insured requires a factual inquiry into whether, in the circumstances of a particular case, an insurer has been prejudiced by its insured's delay in giving notice of an event triggering insurance coverage. If it can be shown that the insurer suffered no material prejudice from the delay, the nonoccurrence of the condition of timely notice may be excused because it is in, in Restatement terms, `a material part of the agreed exchange.' Literal enforcement of notice provisions when there is no prejudice is no more appropriate than literal enforcement of liquidated damages clauses when there are no damages." (Citations omitted.)
Furthermore, there was no prejudice to this defendant in the late filing, if any, of the required proof of loss. The court adopts the findings of the attorney trial referee and therefore finds that judgment should enter in favor of the plaintiff to recover $84,750. CT Page 8060
Grogins, J.