******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

RICHARD PALKIMAS *v.* STATE FARM FIRE AND
CASUALTY COMPANY
(AC 35462)

DiPentima, C. J., and Keller and West, Js.

*Argued February 3—officially released June 3, 2014*

(Appeal from Superior Court, judicial district of
Fairfield, Sommer, J.)

*John R. Williams*, for the appellant (plaintiff).

*Daniel J. Krisch*, with whom, on the brief, were *Daniel P. Scapellati* and *Susan M. Kirkeby*, for the appellee (defendant).

*Opinion*

WEST, J. This appeal arises from a breach of contract claim filed by the plaintiff, Richard Palkimas, against the defendant, State Farm Fire & Casualty Company, for the defendant's failure to provide coverage for damage caused to the plaintiff's home by a ruptured sanitary pipe. The court rendered summary judgment in favor of the defendant on the ground that the plaintiff failed to submit a proof of loss as required under the insurance contract. In this appeal, the plaintiff claims that the court improperly rendered summary judgment in favor of the defendant because the defendant failed to prove that it was prejudiced by the plaintiff's failure to submit a proof of loss. We are not persuaded and, therefore, affirm the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of this appeal. At the time of the incident in question, the plaintiff had a homeowners insurance policy issued by the defendant. In September, 2006, the plaintiff suffered damage to his property "when workers negligently used a toilet that had been blocked off resulting in a buildup of sewage, and the breaking and rupturing of a sanitary pipe, as well as the spreading of sewage and fecal matter throughout the home." In January, 2007, while attempting to repair the damaged sanitary pipe, the plaintiff discovered that "freezing temperatures caused substantial damage to [his] home, including fracturing of the plaster walls and building structure."

The plaintiff notified the defendant of the two claimed losses, but never filed a proof of loss for those claims. With respect to the claimed loss from September, 2006, the plaintiff hired a public adjustor, Allen Sabel, to negotiate with the defendant on his behalf. The defendant ultimately denied coverage for both claimed losses and damages, citing the plaintiff's failure to submit a proof of loss as required under the policy.[1] In a two count complaint dated January 23, 2009, the plaintiff alleged that the defendant breached the insurance policy by denying coverage for both claimed losses and damages.

The plaintiff also brought an action against Sabel, Sabel Adjustors, LLC, and Sabel & Associates, Inc. (Sabel defendants), alleging failure to negotiate with the insurance companies—the defendant and Nationwide Insurance Company—on the plaintiff's behalf. He brought another action against Nationwide Insurance Company and Oscar Fernandez, alleging that Fernandez and his workers negligently caused the damage to the plaintiff's home. The court, *Radcliffe, J.*, granted the Sabel defendants' motion to consolidate the three actions.

On October 10, 2012, the defendant filed a motion for summary judgment claiming that it was entitled

to judgment as a matter of law because the plaintiff breached a condition precedent of coverage by failing to submit a proof of loss. The Sabel defendants filed a memorandum of law in opposition to the defendant's motion for summary judgment, claiming that summary judgment was not warranted because there remained a genuine issue of material fact as to whether the defendant was prejudiced by the plaintiff's failure to submit a proof of loss. The plaintiff subsequently filed a supplementary brief in opposition to the defendant's motion for summary judgment fully adopting the arguments set forth in the Sabel defendants' memorandum of law in opposition to the defendant's motion for summary judgment. The defendant submitted a supplemental memorandum of law in support of its motion for summary judgment claiming that it was not required to prove prejudice because the plaintiff never submitted a proof of loss.

On January 18, 2013, the court, *Sommer, J.*, issued a memorandum of decision granting the defendant's motion for summary judgment. In reaching its decision, the court determined that "an insured must file a proof of loss prior to making a claim against his insurance company and prior to bringing suit if the insurance company denies the claim, but if the insured belatedly submits a proof of loss and the policy does not specifically state that doing so is grounds for denial, the insurer must prove that the late submission caused some prejudice." The court found that this is not a case in which the plaintiff *belatedly* submitted a proof of loss; rather, it is a case in which the plaintiff *never* submitted a proof of loss, and, thus, the defendant's burden to prove prejudice never arose. The court concluded, therefore, that the plaintiff failed to satisfy a condition precedent of the insurance policy, and, accordingly, granted the defendant's motion for summary judgment. This appeal followed.

The plaintiff claims that the court improperly granted the defendant's motion for summary judgment because "[a]n insurer has the burden of proving prejudice when it refuses to compensate for a covered loss on the ground that the insured failed to submit a sworn proof of loss statement." He contends, therefore, that because there remains a genuine issue of material fact as to whether the defendant was prejudiced, summary judgment was not warranted.

"Our standard of review of a trial court's decision to grant a motion for summary judgment is well established. . . . The judgment sought shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . A material fact is a fact that will make a difference in the result of the case. . . . The facts at issue are those alleged in the plead-

ings. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all material facts, which, under applicable principles of substantive law, entitle him to a judgment as a matter of law. . . . [T]he party adverse to such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts. . . . Finally, [o]ur review of the trial court's decision to grant [a] motion for summary judgment is plenary." (Citation omitted; internal quotation marks omitted.) *Recall Total Information Management, Inc.* v. *Federal Ins. Co.*, 147 Conn. App. 450, 456–57, 83 A.3d 664, cert. granted in part on other grounds, 311 Conn. 925, 86 A.3d 469 (2014).

Our decision turns on the distinction between a *delayed* filing of a proof of loss and a *failure* to file a proof of loss. The plaintiff does not dispute the fact that he failed to submit to the defendant a proof of loss as required under the insurance policy. This concession is fatal to his claim on appeal, as we cannot find any case law from our appellate courts that requires an insurer to prove prejudice following an insured's failure to submit a proof of loss under an insurance policy. The plaintiff relies on three cases from our Supreme Court in support of his claim; however, those cases are readily distinguishable from the case at hand insofar as they pertain to a *delayed* filing of notice of a claim or a proof of loss, and not the *failure* to file a proof of loss. See *Arrowood Indemnity Co.* v. *King*, 304 Conn. 179, 39 A.3d 712 (2012) (discussing delayed filing of notice of claim); *Aetna Casualty & Surety Co.* v. *Murphy*, 206 Conn. 409, 538 A.2d 219 (1988) (same), overruled in part on other grounds by *Arrowood Indemnity Co.* v. *King*, supra, 179; *Elberton Cotton Mills, Inc.* v. *Indemnity Ins. Co.*, 108 Conn. 707, 145 A. 33 (1929) (discussing delayed filing of proof of loss).

In light of the plaintiff's failure to provide any persuasive support for his claim on appeal, we conclude that the court properly granted the defendant's motion for summary judgment.[2]

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The proof of loss provision set forth in the insurance policy provides as follows: "After a loss to which this insurance may apply, you shall see that the following duties are performed . . . e. submit to us, within 60 days after the loss, your signed, sworn proof of loss which sets forth, to the best of your knowledge and belief: (1) the time and cause of loss; (2) interest of the insured and all others in the property involved and all encumbrances on the property; (3) other insurance which may cover the loss; (4) changes in title or occupancy of the property during the term of this policy; (5) specifications of any damaged building and detailed estimates for repair of the damage; (6) an inventory of damaged or stolen personal property . . . (7) receipts for additional living expenses incurred and

records supporting the fair rental value loss; and (8) evidence or affidavit supporting a claim under the Credit Card, Bank Fund Transfer Card, Forgery and Conterfeit Money coverage, stating the amount and cause of loss." (Emphasis omitted.)

[2] We note that *Aetna Casualty & Surety Co.* and *Arrowood Indemnity Co.* are further distinguishable from the present case because they pertain to the filing of *notice of a claim* under an insurance policy, whereas the present case pertains to the filing of a *proof of loss* under an insurance policy.

---