## STATE *vs.* DAVID K. BIERCE.

It is a general rule that statutory offenses may be charged in an indictment in the words of the statute.

The principal exception to this rule is where the words of the statute may, by their generality, embrace cases falling within its literal terms, which are not within its meaning and spirit.

The word "seduce," when used with reference to the conduct of a man toward a woman, has a precise and determinate signification, and it is not necessary, in an information for the crime of seduction, to charge the offense in any other language.

And although the statute uses the terms "seduce and commit fornication," yet the word "seduce" *ex vi termini* implies the commission of fornication.

It is no defense to such a charge that the seduction was accomplished by a promise of marriage which the defendant made at the time in good faith, and which he was afterwards prevented from performing. If such promise had been performed, it would have been no defense, although a mitigating circumstance in determining the punishment.

INFORMATION for seduction. The jury found the defendant guilty and he moved for a new trial for error in the charge of the court and in arrest of judgment for the insufficiency of the information. The questions made in the case will be sufficiently understood from the opinion of the court.

*Wheaton* and *Hubbard*, for the defendant.

*Sedgwick*, (state attorney,) and *Granger*, for the state.

STORRS, C. J. We are of the opinion that the information in this case is sufficient. It is founded on the statute which provides for the punishment of "every person who shall seduce and commit fornication with any female under the age of twenty-one years," (Rev. Stat., tit. 6, § 83,) and it charges the offense in the words of the statute. This mode of stating the offense is agreeable to the general rule in framing indictments for statutable misdemeanors. As said by Thompson, J., in delivering the opinion of the court in *U. States* v. *Mills*, 7 Pet., 138, "The general rule is that in indictments for misdemeanors created by statute, it is sufficient to charge the

offense in the words of the statute.　There is not that tech-
nical nicety required as to form which seems to have been
adopted and sanctioned by long practice in cases of felony,
and with respect to some crimes where particular words must
be used, and no other words, however synonymous they may
seem, can be substituted.　But in all cases the offense must
be set forth with clearness and all necessary certainty, to
apprise the accused of the crime with which he stands
charged."　The principal exception to this general rule
respecting statutory offences, is where the words of the statute
may, by their generality, embrace cases falling within its
literal terms which are not within its meaning and spirit; as,
for instance, the statute against obtaining property by false
pretences, which is not deemed to include, notwithstanding the
generality of the expression used—"by any false pretence"—
every such pretence, in popular parlance, but only particular
kinds of false pretences, and where therefore the general
averment that the property was obtained by a false pretence,
without stating what the pretence was, would not show,
what is necessary to be shown in every indictment, that the
act intended to be prohibited, must have been committed;
and hence, as well as to enable the accused to meet the
charge, the pretence must be particularly set forth.　This
exception, however, has no application to the present case.
Nor is it obnoxious to the objection into which all the excep-
tions urged against the information in this case are resolv-
able, that the accused is not clearly and definitely apprised
by it of the offense with which he is charged.　We think
that the averment that the accused "seduced" the person
named in the information, by its very terms, and without
any circumlocution or further description, expressed so clearly
and unmistakably the offence charged that the accused
could not be misled or at a loss respecting it.　The word
"seduce," although a general term, and having a variety of
meanings according to the subject to which it is applied,
has, when it is used with reference to the conduct of a man
towards a female, a precise and determinate signification,
and is universally understood to mean an enticement of her

on his part to the surrender of her chastity, by means of some art, influence, promise or deception calculated to accomplish that object, and to include the yielding of her person to him, as much as if it was expressly stated. The word "seduction," used in reference to a man's conduct towards a female, *ex vi termini* implies sexual intercourse between them. Every one understands, when it is said of a man that he has seduced a particular female, that he has had such intercourse with her. As said by Ch. J. Black, in *Dinkey* v. *Commonwealth*, 17 Penn., 126, in respect to the crime of seduction;— "Fornication is in that offense as certainly as it is in adultery or incest. It is as clearly implied by the word "seduce," as it is by any word employed in an indictment for adultery. Seduction, as used in an indictment, does not mean an enticement to any other sin than a surrender of chastity. No woman is seduced within the meaning of the statute until fornication has been committed on her body." And we are strongly inclined to think that if our statute had only said,— "every person who shall seduce any female," &c., without expressly requiring that he should commit fornication with her, it would have embraced the latter act. But, as if to describe the offense intended to be prohibited so clearly that it would be impossible to mistake it, that requirement is expressly inserted, thus putting it beyond all doubt that the act, intended to be prohibited in the statute, is one accompanied by fornication; and the language of this requirement is also followed in the present information, the allegation of fornication being added, in the terms of the statute, to the allegation of seduction in the present information.

The counsel for the accused also claims that it was requisite that the information should set out the particular acts done by him and by means of which he accomplished the seduction. We do not think that the general rule on which the defendant relies, requiring all the facts and circumstances constituting the offense to be specifically set forth in an indictment, renders the particularity which is here insisted on necessary. The acts of the defendant preceding the consummation of the offense, being only the means by which it

was accomplished, constitute rather matter of evidence on the trial in support of the main charge, than a description of the offense itself; and that this is the light in which this subject is viewed clearly appears from an examination of the authorities and precedents in cases analogous to the present in respect to this point. In *Rex* v. *Fuller*, 1 B. & P., 180, which was an indictment on the statute 37 Geo. 3, c. 70, making it felony to endeavor to seduce any person serving in the king's forces from his duty and allegiance to the king, it was held sufficient to charge an endeavor, &c., without specifying the means employed. The language of Perrin B. in delivering the opinion of the court, is peculiarly applicable to the present question. He says, in regard to the objection that the means employed by the prisoner in making the endeavor charged were not stated; " An endeavor to seduce, to entice, and to stir up, though a conclusion from an infinite variety of facts and circumstances, is but a conclusion of fact—is itself a fact admitting of no definition or conclusion ; the fact is fully expressed by the mere force of the word 'endeavor,' and can only be expressed by that word, like the words 'conspire,' 'maintain,' 'aid and abet,' which, in indictments for the offenses of conspiracy, maintenance, &c., do sufficiently express the offense charged in the indictment without circumlocution, and without showing in what manner and by what means the conspiracy, maintenance, aiding and abetting were produced." Indictments for seducing artificers, under the 23 Geo. 3, ch. 13, merely pursue the words of the statute. *King* v. *Middleton*, 6 T. R., 739. So for maintenance, under the stat. 32 H. 8, c. 9. Sav. 41. Co. Ent. 163, b. *Rex* v. *Rice*, Tremaine's C. P., 177. In indictments for forgery with intent to defraud, it is sufficient to aver generally an intent to defraud. *Rex* v. *Powell*, 2 Bla., 787. *Lavell's case*, Leach, 239. In conspiracy it is not necessary to state the means employed. *Rex* v. *Stirling*, 1 Lev., 125. *Rex* v. *Kinnersley*, 1 Stra., 193. The modern precedents in cases of subornation of perjury only state the endeavor to suborn generally. Cr. Circ. Com., 586, 588. Arch. Cr. Law, 586. The form of charging an accessory be-

fore the fact is, "that he did incite, move, procure and abet." Cr. Circ. Com., 124. *Lord Sanchar's case,* 9 Co., 116. So in the offense of aiding prisoners to escape, it is sufficient to say "aiding and assisting," without stating by what means. In *U. States* v. *Mills,* 7 Pet., 138, the indictment, which was founded on the act of congress "to reduce into one the several acts establishing and regulating the post-office department," charged, in the words of the act, that the accused did procure, advise and assist J. L. S. to secrete, embezzle and destroy a letter, &c., to which mode of statement no objection, on motion in arrest of judgment, was made. Many other analogous cases might be cited, but it is unnecessary. It may be added that if it were required, in cases like the present, that the means employed by the accused to accomplish the act charged should be stated, it would be most difficult, if not impossible, to frame the information so as to make it correspond with the evidence, and also that, without any adequate object, it would render the information, in many cases, a narrative of the most indecent and disgusting details. The motion in arrest of judgment should therefore be overruled.

The defendant claimed on the trial, that the only persuasion or inducement used by him to prevail on the female named in the information to surrender to him her chastity, was a promise of marriage on his part, honestly and sincerely made, and by him intended to be performed; and that, if this was the case, or if, after such promise, he refused to perform it because of her improper or indiscreet conduct claimed to have taken place at a ball, he could not be convicted of the crime of seduction. The proposition involved in the first branch of this claim, that a virtuous and innocent female, who has been persuaded by a man to surrender her chastity to him by a promise of marriage, which is the strongest temptation that could be offered to prevail upon her to part with her innocence, and in which she implicitly confided, is not, although such promise was made honestly and with an intention to perform it, within the protection intended by the statute on which this information is founded, is, on the

statement of it, so absurd, that we deem it unnecessary formally to refute it. Is it less a seduction that it was accomplished by the most powerful inducement which could be offered to his victim? or that such inducement consisted of a promise which was intended to be performed? Even if he had performed his promise to marry her, we do not perceive how it could plausibly be urged that it would be any answer to the charge of the previous seduction, however such partial reparation might be viewed as a circumstance to mitigate the punishment. As to the claim founded on the misconduct of the female subsequent to the illicit connexion between her and the defendant, it is a sufficient answer that the offense was committed and complete before such misconduct took place, and that, whatever effect it might have upon a claim by her upon him for the breach of his promise of marriage, or however it might be considered by the court in affixing the punishment for the offense charged upon the defendant, it could not relate back to render legal or innocent a violation of the statute for which he had already become amenable. We discover no error in the omission of the court below to charge on these claims as requested by the defendant, and think that the case was in every respect properly submitted to the jury.

A new trial therefore should not be granted.

In this opinion the other judges concurred.

New trial not advised.