THE STATE *vs.* JOHN KEENA.

New Haven & Fairfield Cos., June T., 1893. ANDREWS, C. J., CARPENTER, TORRANCE, FENN and BALDWIN, Js.

The essential ingredients of the crime of arson are the voluntary and malicious burning of an occupied dwelling house, and that the house be the dwelling house of some other person than the accused. It is an offense against the security of a dwelling house as such and not against the building as property.

The law regards the occupier as the owner.

In an information for arson the name of the occupier of the house must be stated or there must be other averments from which it is made to appear that the house burned was the dwelling house of another person than the accused.

An omission of this in the information is a defect that is not cured by verdict.

[Argued June 9th—decided September 9th, 1893.]

INFORMATION for arson; in the Superior Court in New Haven County. The information charged that " on the 27th day of February 1893, at the city of Meriden and within the corporate limits thereof, John Keena of said city with force and arms did willfully, maliciously and feloniously set fire

to and burn a certain dwelling house situated in said Meriden, the property of John C. Byxbee and Theodore Byxbee, against the form of the statute in such cases made and provided and against the peace." The case was tried to the jury, on the plea of " not guilty," before *Prentice, J.*

On the trial the state proved without objection that the building which the defendant was accused of burning, although the property of the Byxbees, was not at the time occupied by them or either of them, but was occupied by one Margaret Mooney, a tenant of the Byxbees, by herself and family as a dwelling house. The defendant was found guilty. After verdict he filed a motion in arrest of judgment, because " it is nowhere alleged in said information that either the said John C. Byxbee or the said Theodore Byxbee occupied or dwelt in said building or that the said building was the dwelling house of them or either of them; " and further because, " upon the trial of said cause no evidence whatever was introduced to prove either that the said John C. Byxbee and Theodore Byxbee ever occupied said building as a dwelling house, or ever lived or dwelt therein, or that it was in any manner at any time the place of abode of either the said John C. Byxbee or the said Theodore Byxbee, but on the contrary evidence was introduced by the state to prove that entirely different persons were the occupants and dwellers in said building." This motion was overruled and judgment rendered on the verdict. The defendant appealed to this court for error in overruling the motion in arrest and in the charge to the jury.

*C. S. Hamilton* and *W. L. Green*, for the appellant.

*T. E. Doolittle*, State's Attorney, for the State.

ANDREWS, C. J. Every information for a criminal offense must set forth all the essential ingredients of the crime charged with reasonable certainty. If it fails to do this it is bad on demurrer or on a motion to arrest the judgment. *State* v. *Costello*, 62 Conn., 128.

The essential ingredients of the crime of arson are, the voluntary and malicious burning of an occupied dwelling house ; and that the house be the house of another than the accused.  2 Swift's Dig., side p. 304 ; Coke, 3d Institute, 66. From these elements it appears that arson is an offense against the security of a dwelling house as such, and not against the building as property.   It has regard to the occupation instead of the ownership ; or rather, in the contemplation of this offense, the occupier is the owner.   *State* v. *Toole*, 29 Conn., 342 ; *State* v. *McGowan*, 20 Conn., 245, 246 ; *Snyder* v. *The People*, 26 Mich., 106.   And so essential is it to the idea of arson that the house burned be the house of another, that one does not commit this crime by burning the house occupied by himself.   *State* v. *Lyon*, 12 Conn., 487 ; *State* v. *Fish*, 27 N. Ter. Law, 323 ; *Breeme's Case*, 2 East's P. C., 1026 ; *Sullivan* v. *The State*, 5 S. & P., (Ala.,) 175; *Bloss* v. *Tobey*, 2 Pick., 320, 325.

Counsel for the accused urge that the present information is bad because it does not give the name of any occupier of the house burned.   They expend the principal force of their argument in seeking to show that as there is no name of an occupier given it does not appear that the house was an occupied one.   Whether or not they are correct in that argument we have no occasion to decide.   For another reason we think the omission to state the name of the occupier of the house renders the information fatally defective.   It does not appear that the house burned was the house of another than the accused.   In this particular the name of the occupier is a necessary averment.   Either the name of the occupier must be stated, or there must be other averments from which it is made to appear that the house burned is the house of another person.   In this information there are no such averments. · Without them it is clearly bad because it does not charge the crime of arson.   And it is a defect which is not cured by the verdict.

"It is a general rule of pleading at common law—and upon a question of pleading at common law there is no distinction between civil and criminal cases—that where an

averment which is necessary for the support of the pleadings is imperfectly stated, and the verdict on an issue involving that averment is found, if it appears to the court after verdict that the verdict could not have been found on this issue without proof of this averment, there, after verdict, the defective averment which might been bad on demurrer is cured by the verdict." *Heyman* v. *The Queen*, L R., 8 Queen's Bench, 102. "The expression 'cured by verdict' signifies that the court will after a verdict presume that the particular thing omitted or defectively stated in the pleadings was duly proved at the trial. And such intendment must arise not merely from the verdict but from the united effect of the verdict and the issue upon which the verdict was given. And the particular thing which is presumed to have been proved must always be such as can be implied from the allegations of the record by fair and reasonable intendment." *Jackson* v. *Peshed*, 1 M. & S., 234.

The other errors assigned are immaterial. In overruling the motion in arrest of judgment the Superior Court erred, and the judgment is reversed.

In this opinion the other judges concurred.