THE STATE OF CONNECTICUT *vs.* FRANK J. McGEE.

Third Judicial District, New Haven, January Term, 1909.

BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

The nicety and strictness in framing indictments which was formerly required, has been in modern times much relaxed; and especially so where the offense charged is a misdemeanor created by statute. It is enough if the offense is set forth with such clearness and certainty as to apprise the accused of the crime which he is called upon to answer, and to enable the jury to deliver an intelligent verdict, the court to render a proper judgment, and the accused to plead his conviction or acquittal in bar of another prosecution for the same offense.

Whatever may be the law elsewhere, in this State the principle of aider by verdict, applicable in civil actions, has been adopted and applied in criminal prosecutions.

General Statutes, § 1296, provides that every one who shall threaten, or use any means to intimidate any person to compel him, against his will, to do or abstain from doing any act which such person has a legal right to do, or shall persistently follow such person in a disorderly manner, or injure, or threaten to injure, his property, with intent to intimidate him, shall be fined or imprisoned. Upon a motion in arrest of judgment for the insufficiency of the information, after a verdict of guilty, it was *held:*—

1. That while the intent to intimidate was made by the statute an essential ingredient of the offense, which the information must therefore allege with reasonable certainty, yet it need not be stated in the exact words of the statute, nor in any precise formula or set phrase; and that an information alleging that the accused did " unlawfully threaten, and did by following, mocking and annoying, use means to intimidate " a certain named person, to compel him, against his will, to refrain from working for, and to leave the service of, his employer, against the peace and contrary to the

The State *v.* McGee.

statute in such case made and provided,—sufficiently charged that the alleged acts were committed with the intent to intimidate the person named therein.

2. That inasmuch as the words of the statute defined the offense with sufficient precision, it was enough if the information charged the acts constituting the offense in the language of the statute.

Argued January 28th—decided March 3d, 1909.

INFORMATION under General Statutes, § 1296, for threatening and using means to intimidate and compel certain employees against their will, to refrain from working for their employer, brought to the Criminal Court of Common Pleas in New Haven County and tried to the jury before *Wolfe, J.;* verdict and judgment of guilty, and appeal by the accused. *No error.*

The information is in three counts. They are alike, save that the acts complained of are charged as having been done to different persons, of whom one Clark is the person named in the first count. They charge that the accused, on the 11th day of September, 1907, with force and arms, did then and there unlawfully threaten and did, by following, mocking and annoying, use means to intimidate a person named to compel him against his will to refrain from working in the employ of the McLagon Foundry Company and to leave the employ of said company, against the peace, of evil example, and contrary to the statute in such case made and provided.

*William Kennedy* and *Walter J. Walsh,* for the appellant (the accused).

*Robert C. Stoddard* and *Robert J. Woodruff,* Prosecuting Attorney, for the appellee (the State).

PRENTICE, J. The brief filed in support of this appeal pursues only two claims of error: one, that the court erred in not directing a verdict of acquittal upon the first count, for the reason that the evidence failed to connect the acts

done to Clark with his employment by or service for the Foundry Company, and the other, that it erred in overruling the motion in arrest of judgment.

The court was right in declining to direct a verdict, as requested, and in submitting to the jury the question of the guilt of the accused of the offense charged, upon the evidence adduced in support of it. The more important question, and the one upon which counsel have chiefly dwelt, is that which relates to the court's denial of the motion in arrest.

The reasons assigned in the motion in support of it are six, which resolve themselves in the brief of counsel into two. These present the general claim that the several counts in the information fail to charge a crime. One assigns as the reason, that nowhere is it alleged that the accused did the several things charged against him with the intent to intimidate the person named therein; the other, that the several counts do not set forth with particularity the threats upon which the charges in that regard are predicated.

The objection first stated does not present itself as a similar objection made upon demurrer would have done. The defendant did not demur, and thus afford the State an opportunity to amend in the event that such a course seemed prudent or proved necessary, but took his chances with the jury, and now asks that the result thus reached be nullified. In this State, whatever be the law elsewhere, we have adopted as applicable to criminal actions the principle of aider by verdict as applied to civil actions. *State* v. *Keena*, 63 Conn. 329, 331, 28 Atl. 522.

This information is based upon the statute, and has no other foundation. *State* v. *McGee*, 80 Conn. 614, 617, 72 Atl. 141. The statute enumerates a variety of acts, the doing of which under the specified conditions will constitute the crime defined. An intent to intimidate is made one of these conditions, and no one of the acts done without that

intent is brought within the purview of the statute.   Certain
of these acts are charged against this accused.   The intent
to intimidate being an essential ingredient of the crime at-
tempted to be charged, it must be set forth in the informa-
tion with reasonable certainty, or the information will be
bad even upon a motion in arrest.   *State* v. *Costello*, 62 Conn.
128, 130, 25 Atl. 477; *State* v. *Keena*, 63 Conn. 329, 330, 28
Atl. 522.

This does not, however, signify, as the defendant appears
to assume, that any particular formula of words must of
necessity be used.   "The nicety and strictness in framing
indictments, which was formerly required, has been, in
modern times, considered excessive; and therefore has
been much relaxed."   *Barth* v. *State*, 18 Conn. 432, 438.
Where the offense charged is a misdemeanor created by
statute, still less conformity with ancient requirements is
requisite.   The essential elements of the crime must be
charged, but they need not be charged in any precise for-
mula of words or set phrase.   It is enough if the offense is
set forth with such clearness and certainty as to apprise the
accused of the crime for which he is called upon to answer,
and to enable the jury to deliver an intelligent verdict,
the court to render a proper judgment, and the accused to
plead his conviction or acquittal in bar of another prose-
cution for the same offense.   *State* v. *Bierce*, 27 Conn. 319,
320; *State* v. *Lockbaum*, 38 id. 400, 402; *State* v. *Costello*, 62
id. 128, 130, 25 Atl. 477.   So in the present case, it is enough
if the existence of the intent is set out with reasonable
clearness.

The defendant interprets the statute as using the phrase
"with intent to intimidate him," to qualify all the pro-
visions preceding it, and assumes that the only language of
the statute which makes the intent to intimidate an essen-
tial element of the crime defined is this language.   An
analysis of the statute discloses the error of this assumption.
It enumerates a variety of acts by means of which the crime

may be committed. In its first portion it brings within its prohibition the threatening or using of other means to intimidate a person to compel such person, against his will, to abstain from doing any act which he has a legal right to do. Here the criminality of the act, whether it be the use of threats or other means, is expressed to be conditioned upon its being done to intimidate, and also upon its purpose being to compel one to depart from a desired course of lawful action. The existence of an intent to intimidate, and to intimidate for a defined purpose, is thus distinctly made an essential element of the conduct which is thus far brought within the purview of the Act. Had the statute stopped here with its definition of the crime, there could have been no mistaking this fact, and no question that the offense might be charged in the language of the statute. *State* v. *Bierce,* 27 Conn. 319; *State* v. *Costello,* 62 id. 128, 131, 25 Atl. 477. This situation is not changed by what follows. The statute goes on to enumerate other conduct which is brought under its prohibition. It provides that certain prescribed conduct toward a person or his property, done "with intent to intimidate him," shall merit its penalty. Here the only condition expressed is that there be the intent to intimidate. The condition previously expressed, that the actor have it for his purpose to compel one to do or abstain from doing a lawful act, against his will, by means of the intimidation, is not here repeated. Whether or not it is implied we need not stop to inquire. The thing of present significance is that the phraseology of the statute clearly indicates that the words "with intent to intimidate him," as used in their connection, were not intended to reach back to the preceding provisions already complete, and to qualify the language there used, and that, if they were, they would add nothing to what had already been clearly expressed, and would not, as we have seen, demand any different form of allegation from that which the information now contains.

This information charges the accused with doing acts all

of which fall within the enumeration first contained in the statute. In so far as the use of means by following, mocking and annoying is charged, the allegation of the accompanying intent to intimidate is made in the language of the statute, and is sufficient. These allegations, standing alone, would suffice to make the information charge a criminal offense under the statute, and for that reason alone the motion in arrest was properly denied. But we may go farther. The counts, as is permitted, add the act of threatening to those already named. *Barnes* v. *State,* 20 Conn. 232, 235; *State* v. *Burns,* 44 id. 149, 150. With respect to threats, the language of the information does not so unmistakably attach to them the charge that they were made to intimidate. Its language is not formulated with the greatest precision, and it is possible to suggest a contrary construction. But the purpose of the pleader to charge something more than mere unlawful threatening, to associate the act of threatening with the other acts enumerated in immediate connection with it, and to charge that all alike were done to intimidate, etc., is obvious, and results from a reasonable and the most natural construction of the language employed. The most that can be said is that the allegations are imperfectly made, indefinite and ambiguous. This defect was cured by the verdict. *State* v. *Keena,* 63 Conn. 329, 331, 28 Atl. 522; *Emmens* v. *Elderton,* 4 H. L. Cas. 624; Bishop on Criminal Procedure (3d Ed.) § 510.

The second reason urged by the defendant in support of the motion requires little attention. It was sufficient for the pleader to charge the offenses in the language of the statute. None of the conditions which are recognized as requiring a departure from that course are here presented. *State* v. *Bierce,* 27 Conn. 319, 320; *State* v. *Costello,* 62 id. 128, 130, 25 Atl. 477.

There is no error.

In this opinion the other judges concurred.