NELLIE M. HENDSEY *v.* SOUTHERN NEW ENGLAND TELEPHONE COMPANY.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued May 6—decided June 26, 1941.

*Martin E. Gormley,* for the appellant (defendant).

*Frank Covello,* for the appellee (plaintiff).

Ells, J. The complaint alleged negligence by the defendant in waxing the linoleum floor of its office so heavily as to cause wax to cake on a heel of plaintiff's shoe, because of which she slipped and fell on a tiled floor in defendant's vestibule. The jury returned a verdict for the plaintiff, and this appeal is from the denial of a motion to set it aside.

The first question is whether the jury could reasonably have found that the defendant was negligent in the maintenance of its public offices. There was evidence that the linoleum floor of the office where the plaintiff paid her telephone bill was heavily waxed; that the wax was heavily applied and that the floor looked very glossy and very slippery. While talking to one of defendant's clerks she stepped off of a rubber mat three feet wide, which extended across the lino-

leum floor from the vestibule to the counter, onto the waxed linoleum, and stood there about fifteen minutes. As she turned away from the counter to leave, her right foot slipped, leaving a heel mark upon the linoleum. She put her right hand on the counter in order to save herself from falling. She then walked on the mat to the vestibule, and when she stepped onto its tiled floor she slipped and fell, receiving serious injuries. Thereafter it was found that the entire heel of her right shoe was covered with wax. The jury could reasonably have found that while the plaintiff was standing at the counter some of the wax from the floor accumulated on her heel and by reason thereof when she stepped onto the tile she slipped and fell.

The defendant relies on *Smith* v. *Union & New Haven Trust Co.*, 121 Conn. 369, 371, 185 Atl. 81, where we said: "The evidence goes no further than to show that the floor was highly polished. An owner in treating a floor may use wax or oil or other substance in the customary manner without incurring liability to one who slips and falls thereon, unless the owner is negligent in the materials he uses or in the manner of applying them." In the present case the evidence goes much further than to show that the floor was highly polished. There was so much surplus wax that it congealed on the heel of plaintiff's shoe and was plainly visible two days later. The defendant produced evidence that its janitor applied liquid wax to this linoleum within two or three days of the first of each month. The accident occurred on the 24th. His custom was to apply the wax to the floor with a mop dipped in a pail containing liquid wax, then to go over it with a cloth and a broom. "That is in case there is any lumps or anything on there, and then I go over it with my foot, like that . . . " (indicating). In *Newell* v. *K. & D. Jewelry Co. Inc.*, 119 Conn. 332,

334, 176 Atl. 405, we said: "If the proprietor does not know the condition of his premises, it is his duty to exercise reasonable care to discover their condition and he will be liable for such defects as a reasonable inspection would have disclosed," and cited applicable cases. We conclude that the jury were warranted in finding that this defendant did not use ordinary care to see that the premises were in a reasonably safe condition for those invited therein for the purposes of business.

The defendant further claims that the plaintiff failed to give it a written notice containing a general description of the injury, and of the time, place and cause of its occurrence, as provided for in General Statutes, Cum. Sup. 1935, § 1684c, in force when this action was brought but since repealed. We have no occasion to decide whether the written reports made to the defendant by physicians employed by it to examine the plaintiff, upon which she relies, was such notice given by her or on her behalf as would satisfy the statute. Being for the benefit of the defendant, the notice is a protection upon which it may insist, but one which it may waive. *Lee* v. *Casualty Co.*, 90 Conn. 202, 206, 96 Atl. 952. In reply to a special defense alleging failure to give such a written notice the plaintiff pleaded a waiver by conduct. " 'Waiver is the voluntary relinquishment of a known right. It involves the idea of assent, and assent is an act of understanding. This presupposes that the person to be affected has knowledge of his rights, but does not wish to assert them. Intention to relinquish may appear, but acts and conduct inconsistent with intention [to assert a right] are sufficient.' " *Temple* v. *New Britain*, 127 Conn. 170, 173, 15 Atl. (2d) 318. Waiver is a fact or a conclusion from facts. Where there is no express waiver, one may be implied. Such

a waiver may be found as an inference of fact from the conduct of the plaintiff under the circumstances of the case. Where there are facts sufficient to warrant it, the determination whether there has been a waiver is to be made by the trier. *Temple* v. *New Britain,* supra, 175. The inquiry in the present case is whether there was evidence from which the jury could reasonably have found acts and conduct of the defendant inconsistent with an intention to assert this known right.

There was evidence in support of the following facts: The defendant had immediate notice of the injury, for its employees picked the plaintiff up and a doctor called by it removed her to her home. The next day the defendant's local manager called at her home. He knew all about the accident, and told her everything would be taken care of. She was taken to the hospital in an ambulance hired and paid for by the defendant. On March 26, 1938, two days after the accident, the defendant caused an examination of the plaintiff to be made by its physician. On April 9th the defendant's insurer caused another examination to be made. In August the plaintiff had to go again to the hospital. Before going she notified the local manager, who told her to go and he would notify the company. Shortly before the expiration of the six months' period the plaintiff and an adjuster for the insurer had telephone conversations, and he suggested the matter of adjustment be put over until he could obtain a reexamination of the plaintiff. Shortly before September 29th, he requested a doctor to examine the plaintiff; on that day the doctor wrote him that he would proceed with the matter and on October 1st, after the expiration of the six months' period, the doctor did examine the plaintiff, with the understanding that the examination was being made so

that the adjuster would be in a better position to discuss an adjustment of the case. On November 30th he called on the plaintiff and discussed the case with her. Neither in the evidence nor correspondence does it appear that any claim of lack of statutory notice was made until it was pleaded as a defense. On the contrary, the plaintiff was requested to forward all bills in connection with her injury. The adjuster later requested further information as to payments she had made for help. On January 29, 1939, more than ten months after the accident, he notified her that it was not a case of liability. From this and other evidence the jury could reasonably have found that the defendant never had any intention of claiming lack of notice until the case came into the hands of its attorney, and that the conduct we have recited was inconsistent with a claim that for the long period the adjuster was handling the matter the defendant was intending to insist upon the lack of written notice which would relieve it from liability. The defendant already having waived its right to rely upon a written notice, the claim that it was not a case of liability was an attempt to change its position. "But rights once waived cannot be regained by revoking the waiver." *Lee* v. *Casualty Co.*, supra, 208.

There is no error.

In this opinion the other judges concurred.