STATE OF CONNECTICUT *v.* EUGENE COLEMAN

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, Js.

Argued April 3—decision released October 22, 1974

*M. J. Daly III,* special public defender, for the appellant (defendant).

*Walter H. Scanlon,* assistant state's attorney, for the appellee (state).

HOUSE, C. J.  On a trial to a jury the defendant was found guilty of attempting to obtain money by false pretenses in violation of General Statutes § 53-360 (repealed by Public Acts 1969, No. 828, effective October 1, 1971).  In pertinent part, this statute provided for a penalty for any person "who, by any false token, pretense or device, obtains from another any valuable thing . . . with intent to defraud him or any other person."  The defendant has appealed from the judgment rendered on the verdict.  Of his four assignments of error, he has briefed three and the fourth is considered

to have been abandoned. *State* v. *Croom,* 166 Conn. 226, 232, 348 A.2d 556; *State* v. *Beaulieu,* 164 Conn. 620, 621, 325 A.2d 263. The assignments of error which he has pressed on appeal are that the court erred (1) in denying his motion to set aside the verdict as contrary to the law and the evidence, (2) in denying his motion to dismiss the information, and (3) in admitting in evidence a check and a driver's license.

We consider first the claim of the defendant that the court erred in denying his motion to set aside the verdict in that it was contrary to the law and not supported by the evidence. Whether the evidence supports the verdict is tested by the summary of the evidence as printed in the appendices to the briefs. *State* v. *Siberon,* 166 Conn. 455, 456, 352 A.2d 285; *State* v. *Hall,* 165 Conn. 599, 601, 345 A.2d 17. There was evidence from which the jury could find the following pertinent facts: About 7:30 p.m. on August 15, 1970, Coleman met James H. Lee, an illiterate person, on the street in Waterbury and invited him to go for a ride. Lee accepted the invitation and Coleman drove him to the Waterbury Shopping Plaza. Coleman told Lee that he had a check and asked Lee to cash it for him. He gave Lee a check payable to Richard Cam and also handed Lee a driver's license. Lee took the check and license to a large grocery store at the shopping plaza and asked a cashier to cash the check. She asked for identification and Lee then gave her the driver's license which Coleman had given to him. The cashier recognized the check as one reported to have been stolen from Guilford Arts, of Madison, and refused to cash it. Lee then walked from the store back to Coleman's car, entered it and handed the check and driver's license

to the defendant. Coleman drove to the rear of the plaza where he was stopped by police who had been dispatched to the scene upon receipt of a complaint that someone was attempting to cash a stolen check. The police arrested Coleman and Lee and searched the car. They found nothing; but, after the search, an officer observed Coleman drop something under the seat of the car and discovered there a wallet which contained a driver's license in the name of Richard Cam and a check numbered 15587 bearing the name "Guilford Arts," which license and check were identified by the cashier as those presented to her by Lee. A bookkeeper for Guilford Arts testified that around July 15, 1970, he had discovered some company checks and a checkwriter missing and reported this to the Madison police. He identified the check which Lee had tried to cash as being one of the stolen checks. At the trial, Lee admitted that he had pleaded guilty in the Circuit Court to a charge of attempting to obtain money by false pretenses.

On this evidence, the jury could reasonably and logically conclude that Coleman was guilty as charged. They could properly infer that the attempt to obtain money by cashing the stolen check was an attempt to obtain money by the false representation that the check was a valid check issued by Guilford Arts to Richard Cam, and the false representation by means of the driver's license that Lee was in fact Richard Cam. "A representation may be found to be false either expressly or by implication and may consist of any act, word, symbol, or token calculated and intended to deceive." *State* v. *Farrah,* 161 Conn. 43, 49–50, 282 A.2d 879. The jury could also reasonably infer intent to defraud by the use of another person's

driver's license, and infer guilty knowledge from the attempt to conceal the wallet containing the check and the driver's license when the police made the arrest. Intent to defraud, which is an essential element of the crime of obtaining money by false pretenses, is difficult to prove beyond a reasonable doubt by direct evidence but it may be inferred from the conduct of the accused. *State* v. *Farrah,* supra; *State* v. *Smith,* 157 Conn. 351, 354, 254 A.2d 447. The necessary intent may be inferred from the circumstances and from what was done by the accused. *State* v. *Fredericks,* 149 Conn. 121, 124, 176 A.2d 581.

We find no merit to the contention of the defendant that the court erred in refusing to set aside the verdict as contrary to law and the evidence.

There was also no error in admitting into evidence the check and the driver's license. They were positively identified by the cashier as the check and the license which were tendered to her in the attempt to have her cash the check. The arresting officer also identified them as being in the wallet which Coleman attempted to conceal under the seat of his car when he was apprehended in the parking lot of the shopping plaza, and the check was identified by the Guilford Arts' bookkeeper as one of those stolen from that company. Both items were sufficiently identified to be properly admitted as full exhibits for the consideration of the jury.

The only remaining claim of the defendant is that the court erred in denying the defendant's motion to dismiss the information and to discharge the defendant "because the state of Connecticut, in said information and in the bill of particulars, failed to charge the defendant with a crime."

The defendant was charged in a so-called short form information as permitted by § 493 of the Practice Book.[1] This form of information was first authorized by an amendment to the 1922 Practice Book which was adopted April 6, 1929, effective September 1, 1929. The obvious purpose of the amendment was to dispense with the prolixity of common-law averments alleging criminal offenses while still assuring to an accused his constitutional right to be apprised by the state's pleadings of the essential elements of the crime with which he was being charged. *State* v. *Beaulieu,* 164 Conn. 620, 624, 325 A.2d 263; *State* v. *Couture,* 151 Conn. 213, 215–16, 196 A.2d 113; *State* v. *Whiteside,* 148 Conn. 208, 212, 169 A.2d 260, cert. denied, 368 U.S. 830, 82 S. Ct. 52, 7 L. Ed. 2d 33. To afford to an accused his full rights, § 495 of the present Practice Book (1963) also provides that if an accused feels that an information filed pursuant to § 493 of the Practice Book fails sufficiently to inform him of the offense with which he is charged to enable him to prepare his defense or to give him such information as he is entitled to under the Connecticut constitution, he may obtain further information upon filing

---

[1] "[Practice Book] Sec. 493. CHARGING THE OFFENSE The indictment or information may charge, and is valid and sufficient if it charges, the offense for which the accused is being prosecuted in one or more of the following ways: (a) By using the name given to the offense by the common law or by a statute. (b) By stating so much of the definition of the offense, either in terms of the common law or of the statute defining the offense or in terms of substantially the same meaning, as is sufficient to give the court and the accused notice of what offense is intended to be charged. The indictment or information may refer to a section or subsection of any statute creating the crime charged therein, and in determining the validity or sufficiency of such indictment or information regard shall be had to such reference."

a motion for a bill of particulars and, if still not satisfied, may seek an order of the court; Practice Book § 496; for a further bill of particulars.

The information filed against Coleman charged him with "the crime of attempting to obtain money by false pretenses at Waterbury, on or about 8/15/70, in violation of Section 53-360 of the General Statutes." As we have noted, § 53-360 provided a penalty for anyone "who, by any false token, pretense or device, obtains from another any valuable thing . . . with intent to defraud him or any other person." Coleman filed a motion for a bill of particulars asking that the state make its charges more particular by stating: "1. The specific nature of the offense or offenses which the defendant is charged with. 2. The time, place and manner in which this offense was committed. 3. The specific acts performed by the defendant which constitute all necessary elements of the crime charged. 4. The general circumstances surrounding the alleged crime. 5. State with particularity, the date, time, of said alleged violation and the Section of the Connecticut General Statutes violated. 6. State with particularity, the name or names, including addresses, of all persons the State alleges were involved in said violation." In response to this motion, the state filed a bill of particulars stating: "1. On or about August 15, 1970 the defendant did attempt to obtain the sum of $87.79 from the Stop and Shop Market, Waterbury, by assisting one James H. Lee in presenting a stolen and forged check upon the account of Guilford Arts at the Union and New Haven Trust Company, New Haven, Connecticut. 2. August 15, 1970, Stop and Shop Market, Waterbury Plaza, Waterbury, Connecticut,

at approximately 8:10 p.m. 3. See # 1 above. 4. See # 2 above. 5. See # 2 above. 6. The defendant and James H. Lee."

The defendant at no time prior to or during the trial objected to the information or bill of particulars, nor did he move for a more specific statement or for a supplemental bill of particulars as permitted by §§ 495, 496 and 497 of the Practice Book. Nor did he move to quash the information as permitted by § 499 of the Practice Book on a claim that the particulars stated did not constitute the offense charged in the indictment. Rather, on the first day of trial, the court was expressly informed that the defendant was satisfied and was not seeking any further information.[2] Nevertheless, at the conclusion of the state's case in chief, the defendant moved to dismiss the information and discharge the defendant, and has briefed a claim that the court committed error in denying the motion. It is his claim "that the State had not, by a Bill of Particulars, charged the defendant with a statutory crime." He asserts that the bill of particulars was defective because it did not contain an allegation of an intent to defraud.

We find no error in the ruling of the court for three reasons, any one of which suffices to support the court's decision. In the first place, as we have noted, at the start of the trial the defendant

---

[2] The following colloquy occurred between the presiding judge and counsel for the defendant on the first day of trial: "The Court: Mr. Daly, in looking through the file in this matter I notice there is a motion for bill of particulars and motion for production and disclosure. Mr. Daly: If your Honor please, I have had a response filed by the State's Attorney's office to the Bill of Particulars, and also a response filed to the Motion for Disclosure. The Court: They are satisfactory to you; is that correct? Mr. Daly: Yes, each question is answered. The Court: All right. There is nothing further, then, that you are seeking on either one of those? Mr. Daly: No."

expressly represented to the court his satisfaction with the information supplied by the state in response to his motion for a bill of particulars. If any uncertainty existed as to the state's pleadings or any further information was necessary to apprise the defendant of the statutory crime with which he was charged in the information in order to prepare his defense and to plead the judgment in bar of any further prosecution, the way was open to him to secure it by motion. Having expressed his satisfaction with the pleadings as they stood at the opening of the trial, the defendant waived any defect that might have been present in the information and in the bill of particulars. 21 Am. Jur. 2d, Criminal Law, § 325. "[R]ights once waived cannot be regained by revoking the waiver." *Lee* v. *Casualty Co. of America,* 90 Conn. 202, 208, 96 A. 952; *Hendsey* v. *Southern New England Telephone Co.,* 128 Conn. 132, 135, 20 A.2d 722.

In the second place, the defendant has made no claim, and there is not the slightest indication in the record, that he was in any way prejudiced or that in its charge to the jury the court did not fully instruct them as to the burden of the state to prove an intent to defraud. The defendant has not attacked the charge and, accordingly, it is not printed in the record. It is, therefore, presumed to have been correct. *Begley* v. *Kohl & Madden Printing Ink Co.,* 157 Conn. 445, 451, 254 A.2d 907; *State* v. *Mallette,* 153 Conn. 584, 587, 219 A.2d 447. "It is essential to any orderly trial that the jury be presumed, in the absence of a fair indication to the contrary, to have followed the instructions of the court as to the law." *State* v. *Bausman,* 162 Conn. 308, 314, 294 A.2d 312.

In the third place, the bill of particulars did not exist in a vacuum. It must be read with the informa-

tion which the defendant asked be particularized. "The office of a bill of particulars is to supply both the accused and the court *additional* information concerning an accusation that the defendant has committed an act or acts constituting a criminal offense." (Emphasis added.) 41 Am. Jur. 2d, Indictments and Informations, § 163. "The function of the bill of particulars in a criminal case is to provide information fairly necessary to enable the accused to understand and prepare his defense against the charges without prejudicial surprise upon the trial. It is complementary to the shorter form of indictment." *Brown* v. *Commonwealth,* 378 S.W.2d 608 (Ky.). "In other words, the general rule is that a bill of particulars merely amplifies the indictment and limits the scope of the proof on the trial." Note, "Sufficiency of indictment as affected by bill of particulars," 10 A.L.R. 982, 983. The bill of particulars supplements rather than supplants the information or indictment.

In the short form information, the defendant was expressly charged with the crime of attempting to obtain money by false pretenses "in violation of Section 53-360 of the General Statutes." This section of the statute, a violation of which was the specific charge lodged against the defendant, included in its definition of the offense the obtaining of any valuable thing from another, by any false token, pretense or device, "with intent to defraud him or any other person." The bill of particulars, answering the question asking for the nature of the offense by reciting that "the defendant did attempt to obtain the sum of $87.79 from the Stop and Shop Market, Waterbury, by assisting one James H. Lee in presenting a stolen and forged check," certainly did inform the defendant of the

nature of the offense. 4 Wharton, Criminal Law and Procedure (Anderson Rev.) § 1773; 41 Am. Jur. 2d, Indictments and Informations, § 111. We conclude that there is no merit whatsoever to the present claim of the defendant that "the state of Connecticut, in said information and in the bill of particulars, failed to charge the defendant with a crime."

There is no error.

In this opinion SHAPIRO, LOISELLE and MACDONALD, Js., concurred.

BOGDANSKI, J. (concurring). I agree with the result but find myself unable to join in the court's opinion. I cannot accept the reasoning employed by the majority in concluding that the defendant voluntarily waived his constitutional right to be "informed of the nature and cause of his accusation"; Conn. Const. art. I § 8; nor do I agree that the reference in the short form information to the specific statute which defined the offense was sufficient to allege the element of intent to defraud.

The defendant's motion to dismiss the information was based on his constitutional right to be informed of the charges against him. The defendant was accused by an information which read as follows: "Francis M. McDonald, State's Attorney for the County of New Haven at Waterbury, acting herein by Walter Scanlon, Asst. State's Attorney, accuses Eugene Coleman of the crime of attempting to obtain money by false pretenses at Waterbury, on or about 8/15/70, in violation of Section 53-360 of the General Statutes."

The defendant moved for a bill of particulars, requesting a statement of, among other things, "[t]he specific nature of the offense or offenses

which the defendant is charged with . . . [and] [t]he specific acts performed by the defendant which constitute all necessary elements of the crime charged." The bill of particulars filed by the state answered as follows: "On or about August 15, 1970 the defendant did attempt to obtain the sum of $87.79 from the Stop and Shop Market, Waterbury, by assisting one James H. Lee in presenting a stolen and forged check upon the account of Guilford Arts at the Union and New Haven Trust Company, New Haven, Connecticut."

Before trial, the defendant's counsel assured the court that he was satisfied with the answers contained in the bill of particulars. At the conclusion of the state's case, however, the defendant moved to dismiss the information. One of his grounds for dismissal was the state's failure to allege in either the information or the bill of particulars an intent to defraud, which is an essential element of the crime. The court denied the motion. At the conclusion of the trial, the information, the defendant's motion for a bill of particulars and the bill of particulars itself were given to the jury.

General Statutes § 53-360 (repealed by Public Acts 1969, No. 828, effective October 1, 1971) provided in pertinent part that "[a]ny person who, by any false token, pretense or device, obtains from another any valuable thing . . . , *with intent to defraud* him or any other person, . . . shall be fined not more than five hundred dollars or imprisoned not more than three years or both." (Emphasis added.) The defendant claims that the information and the bill of particulars taken together failed to charge him with the commission of any crime.

"In all criminal prosecutions, the accused shall have a right . . . to be informed of the nature and cause of the accusation . . . ." Conn. Const. art. I § 8. That right, one of the fundamentals of American criminal jurisprudence, is also a federal constitutional right which the fourteenth amendment guarantees defendants in all state prosecutions. See U.S. Const. amend. VI; *Argersinger* v. *Hamlin,* 407 U.S. 25, 27–28, 92 S. Ct. 2006, 32 L. Ed. 2d 530; *In re Gault,* 387 U.S. 1, 33, 87 S. Ct. 1428, 18 L. Ed. 2d 527; *In re Oliver,* 333 U.S. 257, 273, 68 S. Ct. 499, 92 L. Ed. 682.

The right of an accused to be informed of the charges against him does not preserve the outmoded common-law rules of criminal pleading. Formal defects or linguistic imprecision in the state's pleadings, if nonprejudicial, are no longer fatal. Practice Book §§ 523–531; *State* v. *Beaulieu,* 164 Conn. 620, 625, 325 A.2d 263; *State* v. *Rafanello,* 151 Conn. 453, 456–57, 199 A.2d 13; *State* v. *Mola,* 128 Conn. 407, 410–11, 23 A.2d 126; *State* v. *McGee,* 81 Conn. 696, 699, 72 A. 141. The constitution simply assures the accused the right to be apprised by the state's pleadings of all the essential elements of the offense intended to be charged. *Russell* v. *United States,* 369 U.S. 749, 763, 82 S. Ct. 1038, 8 L. Ed. 2d 240; *United States* v. *Debrow,* 346 U.S. 374, 376, 74 S. Ct. 113, 98 L. Ed. 92; *Hagner* v. *United States,* 285 U.S. 427, 431, 52 S. Ct. 417, 76 L. Ed. 861; *United States* v. *Denmon,* 483 F.2d 1093, 1095 (8th Cir.); *State* v. *Couture,* 151 Conn. 213, 215–16, 196 A.2d 113; *State* v. *McGee,* supra; *State* v. *Keena,* 63 Conn. 329, 330, 28 A. 522; *State* v. *Costello,* 62 Conn. 128, 130, 25 A. 477; 4 Wharton, Criminal Law and Procedure (Anderson Rev.) §§ 1758, 1762, 1794; Wright, Federal Practice and Procedure § 125. In *State* v.

*Costello,* supra, it was said to be "a general rule of criminal pleading, from which no substantial departure is ever permitted, that every information or indictment must contain a statement of all the facts and circumstances essential to constitute the crime with such particularity and certainty that the defendant may know the nature of the crime of which he is accused and what he is to answer, that the jury may be warranted in their conclusion of guilty or not guilty upon the premises delivered to them, that the court may see a definite offense on the record to which they may apply the judgment and punishment prescribed by law, and that the conviction or acquittal of the defendant may be pleaded in bar to a subsequent prosecution for the same offense." The requirement that all the essential elements of the crime be alleged with specificity also establishes the salutary preliminary safeguard that no prosecution will be brought unless whoever drew up the indictment or information has considered the necessity of proving each and every element of the offense. *United States* v. *Denmon,* supra. Thus the right to be informed of the nature and cause of the accusation is a substantial protection and no mere technicality of pleading.

"An indictment [or information] that does not allege all the elements of the crime is not cured by an allegation that what was done was 'in violation of' the statute" which defines the offense and identifies its elements. *United States* v. *Guterma,* 189 F. Sup. 265, 270 (S.D. N.Y.). Such an allegation "is not an allegation of fact but a legal conclusion of the pleader; it constitutes no part of the description of the offense." *Sutton* v. *United States,* 157 F.2d 661, 664 (5th Cir.). As Chief Justice Marshall stated long ago in *Schooner Hoppet* v. *United States,* 11

U.S. (7 Cranch) 389, 393, 3 L. Ed. 380: "It is not controverted that in all proceedings in Courts of common law, either against the person or the thing for penalties or forfeitures, the allegation that the act charged was committed in violation of law, *or of the provisions of a particular statute* will not justify condemnation, unless, independent of this allegation, a case be stated which shows that the law has been violated. *The reference to the statute may direct the attention of the Court, and of the accused, to the particular statute by which the prosecution is to be sustained, but forms no part of the description of the offence.* The importance of this principle to a fair administration of justice, to that certainty introduced and demanded by the free genius of our institutions in all prosecutions for offences against the laws, is too apparent to require elucidation, and the principle itself is too familiar not to suggest itself to every gentleman of the profession." (Emphasis added.) Accord, *United States* v. *Nixon,* 235 U.S. 231, 235, 35 S. Ct. 49, 59 L. Ed. 207; *State* v. *Tyrrell,* 100 Conn. 101, 102, 122 A. 924; 4 Wharton, op. cit. § 1761; Wright, op. cit.

The defendant's constitutional right to know the nature of the charges against him does not pose a difficult challenge to the prosecution. Ordinarily it is sufficient to charge a statutory offense in the words of the statute, unless the statute is overly general or indefinite so as to require greater particularity. *State* v. *Moran,* 99 Conn. 115, 117–18, 121 A. 277; *State* v. *Costello,* supra, 131; 4 Wharton, op. cit. §§ 1796, 1797; Wright, op. cit. The accused is not entitled to a preview of the prosecution's case or to specifications that are merely evidential; 4 Wharton, op. cit. § 1764; nor is the state penalized for an unskillfully drafted pleading, although it may

properly be required to clarify ambiguities by filing an amended pleading. *State* v. *Mola,* 128 Conn. 407, 23 A.2d 126. If the state's pleadings inform the accused of the charge against him with sufficient precision to enable him to prepare his defense and avoid prejudicial surprise, and to enable him to plead his acquittal or conviction in bar of any future prosecution for the same offense, they have performed their constitutional duty. *Russell* v. *United States,* 369 U.S. 749, 82 S. Ct. 1038, 8 L. Ed. 2d 240; *United States* v. *Debrow,* 346 U.S. 374, 74 S. Ct. 113, 98 L. Ed. 92; *State* v. *Costello,* supra; Wright, op. cit. § 125.

The state accused the defendant in this case with a so-called short form information. As permitted by Practice Book § 493, it did not describe the offense charged with particularity but only stated the name of the offense and the specific section of the General Statutes which was allegedly violated. The rule permitting short form informations was adopted to "avoid unnecessary prolixity" such as was required at common law. *State* v. *Davis,* 141 Conn. 319, 320, 106 A.2d 159. The short form information has been held to be constitutional despite its brevity and incompleteness because the defendant has the opportunity to obtain the information to which he is constitutionally entitled by requesting a bill of particulars under Practice Book § 495. *State* v. *Beaulieu,* 164 Conn. 620, 325 A.2d 263; *State* v. *Davis,* supra, 321; *State* v. *Pallotti,* 119 Conn. 70, 72-73, 174 A. 74. Practice Book § 495 provides: "When an indictment or information charges an offense in accordance with the provisions of Sec. 493, but fails to inform the accused of the particulars of the offense sufficiently to enable him to prepare his defense, or to give him such information

as he is entitled to under the constitution of this state, the court may, at any time, of its own motion, and shall, at the request of the accused made at or before the time at which his plea is entered, order the state's attorney to furnish a bill of particulars containing such information as may be necessary for these purposes . . . ." As the Court of Appeals in New York said in the principal case upholding the constitutionality of short form indictments and informations, "a voluntary failure to assert a right provided by statute constitutes a weak foundation for a claim that the statute deprives the accused of a constitutional right."[1] *People* v. *Bogdanoff*, 254 N.Y. 16, 31, 171 N.E. 890. Practice Book §§ 493–499A do not purport to change the constitutional standards by which the state's criminal pleadings are measured. They only shift the burden of requesting the complete statement of facts onto the accused. Therefore, when the accused requests a full bill of particulars, the burden is again on the state to supply an adequately informative pleading.

The bill of particulars which the state supplies becomes a part of the record. Practice Book § 498. Thus, when a short form information is employed, the sufficiency of the state's pleadings can be tested by reading the information in conjunction with the bill of particulars. The problem may arise that the bill of particulars furnished by the state still does not adequately inform the defendant. That problem should never become critical, because supplemental bills of particulars may be ordered by the court or furnished voluntarily by the prosecution. Practice

---

[1] In the rare case in which an accused is not represented by counsel, that justification may appear strained, and the use of a short form accusation would raise a constitutional problem not hitherto presented to this court.

Book § 497. To enforce the constitutional mandate, Practice Book § 499 provides: "If it appears from the bills of particulars . . . that the particulars stated do not constitute the offense charged in the indictment or information . . . , the court shall quash the indictment or information unless the state's attorney shall furnish another bill of particulars which so states the particulars as to show that the particulars constitute the offense charged in the indictment or information . . . ."[2]

An intent to defraud was one of the essential elements of the offense defined by General Statutes § 53-360. When intent is an essential element of the alleged offense, the accused must be so informed by the state's pleadings. *State* v. *McGee,* 81 Conn. 696, 698–99, 72 A. 141; *State* v. *Wilson,* 30 Conn. 500, 503–504; see *United States* v. *Behrman,* 258 U.S. 280, 288, 42 S. Ct. 303, 66 L. Ed. 619; *United States* v. *Britton,* 107 U.S. 655, 669, 2 S. Ct. 512, 27 L. Ed. 520; *Walker* v. *United States,* 342 F.2d 22 (5th Cir.); *State* v. *Fontenot,* 256 La. 12, 235 So. 2d 75; *People* v. *McGuire,* 5 N.Y.2d 523, 158 N.E.2d 830; 4 Wharton, op. cit. § 1773; Wright, op. cit. § 125. The averment in the short form information of an *attempt* to obtain money by false pretenses was not sufficient to allege the necessary specific intent; *State* v. *Wilson,* supra; 4 Wharton, op. cit. § 1773; nor was the omission of the essential factual allegation of intent cured by reference in the information to § 53-360. *Schooner Hoppet* v. *United States,* 11 U.S. (7 Cranch) 389, 3 L. Ed. 380; *Sutton* v. *United States,* 157 F.2d 661, 664–65 (5th Cir.). The information and bill of particulars given the defendant in the present case, read together, were defective,

---

[2] See also Practice Book § 499A, not in effect at the time of the defendant's trial.

not because they were unskillfully or imprecisely drafted but because they completely omitted to aver an essential element of the offense charged, namely, the intent to defraud.

The state argues that the defendant waived any defects in the information and bill of particulars by assuring the court, through counsel, that the answers contained in the bill of particulars were sufficient and by failing to object until after the state had put on its case. See *State* v. *Kemp,* 126 Conn. 60, 84, 9 A.2d 63; *State* v. *McGee,* supra. Since the state could still amend its pleadings by filing a supplemental bill of particulars, either voluntarily or on order of the court, the defendant's motion was not untimely. Furthermore, the majority rule in this country, to which Connecticut adheres, is that the omission in the state's pleadings of an essential ingredient of the offense charged cannot be waived. *State* v. *Couture,* 151 Conn. 213, 216, 196 A.2d 113; *State* v. *Keena,* 63 Conn. 329, 331–32, 28 A. 522; 4 Wharton, Criminal Law and Procedure §§ 1881, 1885. Indeed, in *Keena,* supra, and *Couture,* supra, this court discovered fatal defects in the informations even though counsel for the defendants had themselves not argued them. The failure to allege the commission of an offense is a deficiency "of such importance in the orderly processes of criminal justice that we direct attention to them." *State* v. *Couture,* supra, 216. I must conclude that the trial court erred in failing either to dismiss the information or to order the state's attorney to amend it. Practice Book § 499.

The error does not, however, require reversal unless it was harmful. The usual rule is that the appellant bears the burden of establishing that

an error was "materially injurious" to him.[3] General Statutes § 52-265; *State* v. *L'Heureux*, 166 Conn. 312, 323, 348 A.2d 578. When, however, a federal constitutional error has occurred, the burden shifts to the state, and before the error can be held harmless, this court "must be able to declare a belief that it was harmless beyond a reasonable doubt." *Chapman* v. *California*, 386 U.S. 18, 24, 87 S. Ct. 824, 17 L. Ed. 2d 705; see also *State* v. *L'Heureux,* supra.

After a thorough examination of the record in this case, and of pertinent parts of the transcript, I conclude that the standard of *Chapman* v. *California,* supra, has been satisfied and that the error was harmless. The state's pleadings were sufficient to enable the defendant to plead his conviction in bar of any future prosecution for the same offense. The record does not remotely suggest that the defendant was surprised at trial or was prejudiced

---

[3] The "harmless error" test has been variously stated, and the versions appearing in our reports are not always consistent with each other. Compare *State* v. *Vennard,* 159 Conn. 385, 393, 270 A.2d 837 ("the defendant has the burden of showing that the rulings were *probably harmful to* him" [emphasis added]) with *State* v. *Tropiano,* 158 Conn. 412, 427, 262 A.2d 147, cert. denied, 398 U.S. 949, 90 S. Ct. 1866, 26 L. Ed. 2d 288 ("[i]f the record discloses that the rulings *could not reasonably have affected the verdict,* they were not harmful and hence not reversible error" [emphasis added]). This is not the case in which to attempt to reconcile the various expressions, though it is pertinent to recall Justice Frankfurter's admonition that "justice must satisfy the appearance of justice." *Offutt* v. *United States,* 348 U.S. 11, 14, 75 S. Ct. 11, 99 L. Ed. 11. "[H]armless-error rules can work very unfair and mischievous results when, for example, highly important and persuasive evidence, or argument, though legally forbidden, finds its way into a trial in which the question of guilt or innocence is a close one." *Chapman* v. *California,* 386 U.S. 18, 22, 87 S. Ct. 824, 17 L. Ed. 2d 705, rehearing denied, 386 U.S. 987, 87 S. Ct. 824, 17 L. Ed. 2d 705. See also *Fahy* v. *Connecticut,* 375 U.S. 85, 86-87, 84 S. Ct. 229, 11 L. Ed. 2d 771.

in the preparation of his defense. Counsel for the defendant was well aware of the intent requirement in General Statutes § 53-360. He did not feel the need to request a continuance. My conclusion is corroborated by the fact that on appeal the defendant has not pointed to any possibility of prejudice.

It might be argued that the defendant could have been prejudiced when the incomplete bill of particulars was transmitted to the jury along with the defendant's request for the bill of particulars, which asked for a statement of the "specific nature of the offense" and of the "specific acts performed by the defendant which constitute all necessary elements of the crime." The jury, it might be suggested, could have been misled into ignoring the requirement of intent. I am satisfied, however, that this possibility was negatived by the trial judge, who scrupulously instructed the jury on the requirement of intent. The defendant, I note, has not assigned any error in the charge.

The defendant argues that our rule has always been that, even in the absence of prejudice, an indictment or information that fails to allege all the essential elements of the offense charged cannot result in a valid conviction. That is the majority rule in the United States, and it has been the rule in Connecticut. See, e.g., *State* v. *Keena,* 63 Conn. 329, 28 A. 522; *State* v. *Costello,* 62 Conn. 128, 25 A. 477; 4 Wharton, op. cit. § 1881; but see *State* v. *Couture,* 151 Conn. 213, 196 A.2d 113. Where the short form accusation is not itself fatally defective, however, omissions in supplemental bills of particulars do not deprive the trial court of jurisdiction. I believe the more sensible view to be that nonprejudicial nonjurisdictional defects in the bill of partic-

ulars do not require dismissal. See *United States* v. *Denmon*, 483 F.2d 1093, 1096 (8th Cir.); Wright, Federal Practice and Procedure § 125.[4]

In conclusion, the constitutions of this state and the United States impose on the prosecution the duty of fully informing the defendant of the nature and cause of the accusation against him. In my view, the prosecution did not fulfill that important duty in this case.

---

[4] As Wright, Federal Practice and Procedure, pp. 233–34 says: "The fundamental purpose of the pleadings is to inform the defendant of the charge so that he may prepare for his defense, and the test of sufficiency ought to be whether it is fair to the defendant to require him to defend on the basis of the charge as stated in the particular indictment or information. The stated requirement that every ingredient or essential element of the offense should be alleged must be read in the light of the fairness test just suggested."