STATE OF CONNECTICUT *v.* JOHN MICKOLYZCK

SUPERIOR COURT     NEW HAVEN COUNTY     FILE No. 22539

Memorandum filed June 1, 1978

*Mary M. Galvin,* assistant state's attorney, for the state.

*Richard T. Meehan, Jr.,* for the defendant.

SADEN, J. The second count of this information alleges that the defendant and one Riccardi conspired to commit the crime of robbery. No overt act is alleged and no reference to an overt act appears in the information.

The conspiracy statute, General Statutes § 53a-48, requires an agreement with one or more persons to commit a crime and "an overt act in pursuance of such conspiracy" by any one of them. The two essentials of the crime of conspiracy, therefore, are the agreement and an overt act by any one of the alleged conspirators.

Whether it is necessary to allege an overt act in the information has apparently never been passed upon by the Connecticut Supreme Court. There are indications in *State* v. *Bradley,* 48 Conn. 535, that in England it was not necessary to allege an overt act, and that an allegation of conspiracy in general terms was sufficient. This practice has been followed to some extent in the United States, "but the more usual course is to allege, as was done in this case, the acts done pursuant to the conspiracy . . . ." Id., p. 549. It is not evidential or erroneous to allege the overt act or acts. See *State* v. *Devine,* 149 Conn. 640, 648.

It appears to the court that the language of the statute requires the allegation of two elements for a conspiracy, and in this instance only one of them has been alleged. The older cases under previous statutes, similar in content if not specific words, did not lay down a definite rule, even though the previous statutes included both the agreement to conspire and "any act in furtherance of such combine" by any one or more of the alleged conspirators. General Statutes, Rev. 1958, § 54-197; General Statutes, Rev. 1949, § 8876. Nevertheless it would appear that most cases included allegations of the second element so that the question did not lend itself to decision on the point raised here. The one overt act is an essential element of the offense and in language of one kind or another should be alleged in the information. See *State* v. *McGee,* 81 Conn. 696, 699.

Obviously, where more than one overt act has been committed by any one of the alleged conspirators at any time during the course of the conspiracy, the state can, if it chooses, allege each of such acts and stand on proof of only one. The court would, of course, be obliged to charge a jury that only one of such alleged acts need be proved, together with the agreement to conspire, in order to establish the conspiracy. It is immaterial which coconspirator commits an overt act; each of them is equally bound by the overt act or acts of the others.