[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant has been charged, in a short-form information, of dispensing a controlled substance within 1,500 feet of a school in violation of § 21a-278a(b) of the General Statutes. Pursuant to § 814 of the Practice Book, the defendant has moved to dismiss the information for two reasons: he claims that the information fails to charge an offense; see § 815(2) of the Practice Book; and that there is insufficient evidence to justify continuing the prosecution. Section 815(5) of the Practice Book.
In support of the sufficiency of evidence claim, the defendant orally offered to prove that a witness, currently incarcerated, was recanting a prior statement. In itself, this is not a sufficient cause to dismiss an information; see State v.Whelan, 200 Conn. 743 (1986); the state also orally indicated that it had other evidence as well. Without intending comment on the strength of the case in any way, the court has insufficient reason to dismiss the information pursuant to § 815(5).
The defendant has briefed his claim that an essential element of the crime is not charged, and, therefore, that the court lacks jurisdiction and the information should be dismissed. More specifically, he claims that because the "condition precedent" of the violation of the "required antecedent crime" has not been alleged, the information must fail.
Although the court agrees that there is some ambiguity, a CT Page 4404 portion of it is caused by the statutory scheme-itself and, in any event, the possibly appropriate remedies do not include dismissal pursuant to § 815(2) of the Practice Book. It is true, as the defendant states, that conviction of § 21a-278a
depends, in turn, on a conviction of either § 21a-277 or § 21a-278, and there also are several alternative statutory elements. But dismissal is warranted where a crime is not
charged; here, if anything, too much is charged in one count, as reference to § 21a-278a(b) superficially includes all the elements referred to in the statute.
The authority cited by the defendant does not support the remedy of dismissal. In State v. McMurray, 217 Conn. 243 (1991), the claim was that the long-form information failed to charge intent as an element of the crime; the court held the information, while not as clear as it could have been, was sufficient. Similarly, State v. Coleman, 167 Conn. 260 (1974), rejected a claim of error based on an alleged failure to include the element of intent in the information.[1] Both McMurray andColeman emphasized that the primary functions of the information are to provide notice to the defendant and to bar future duplicitous prosecutions; an information may also be useful in determining relevance of evidence. The defendant has not claimed any difficulty in preparing a defense or any other fundamental concern which might raise due process considerations.
The defendant may, however, be entitled to some clarification and he may file a motion for a bill of particulars pursuant to § 830 of the Practice Book. In a long-form information, the State may wish to charge one count alleging a violation of either § 21a-277 or § 21a-278, and a second count alleging a violation of § 21-278a(b);[2] any ambiguity ought to be resolved.
The motion to dismiss is denied.
Beach, J.